[Civil No. 643. Filed March 15, 1899.]

[56 Pac. 721.]

EDWIN EGAN et al., Plaintiffs and Plaintiffs in Error, v. MATEO ESTRADA et al., Defendants and Defendants in Error.

1. APPEAL AND ERROR—PARTIES—NECESSITY OF JOINING ALL PARTIES TO JUDGMENT—SEPARATE JUDGMENTS AFFECTING SINGLE DEFENDANT— IRRIGATION—PRIORITY OF RIGHT.—In a suit to determine the question of priorities of right to the use of water between plaintiffs and a number of defendants, and for an injunction, it being in its nature a suit in equity calling for separate judgments, a writ of error may be brought against one defendant to review the judgment between plaintiffs and said defendant without the necessity of making all the parties to the judgment parties to the writ of error.

2. EQUITY—TRIAL—JURY — SPECIAL VERDICT — ADVISORY — REV. STATS. ARIZ. 1887, PAR. 786, CONSTRUED.—Paragraph 786, *supra,* providing that a special verdict shall, as between the parties, be conclusive as to the facts found, does not modify the rule in equity trials that where a court submits certain questions to the jury the answers are advisory only, and may be disregarded by the court.

3. IRRIGATION — APPROPRIATION — ADVERSE USER—STATUTE OF LIMITATIONS—CANNOT START TO RUN WHILE WATER SUFFICIENT FOR ALL— WHAT CONSTITUTES ADVERSE USER—WHEN STATUTE COMMENCES TO RUN—TO WHAT WATER THE USE IS ADVERSE—SUBSEQUENT APPROPRIATOR CAN USE UNDER HIS APPROPRIATION WITHOUT USE BEING ADVERSE.—When there is sufficient water in the river to supply all parties, there can be no such thing as adverse use of the water to start the statute of limitations running. Each is entitled to the use, and it is only when the water becomes so scarce that all of the parties cannot be supplied, and that one appropriator takes water which by priority belongs to another appropriator, that there is an adverse use. The statute commences to run from the time when such adverse use is made of the water, the adverse use being only of that water which the prior party is entitled to. When there is a sufficiency of water in the river, the prior appropriator is not entitled to the water used by the subsequent appropriator, and the subsequent appropriator can use under his appropriation without being an adverse user.

4. SAME—SAME—SAME—JURY—INSTRUCTIONS—FAILURE TO DEFINE ADVERSE USE OF WATER—MISLEADING JURY TO BELIEF THAT PEACEABLE POSSESSION OF DITCH FOR FIVE YEARS GAVE RIGHT TO WATER.—An instruction that "If you find that the defendant was for any five

consecutive years after he built his ditch, . . . and before the commencement of this action, in the peaceable and adverse possession of his ditch," and of the water diverted thereby from the river, "and did for any such period of five years use such water in irrigating . . . his land, then you are instructed that such adverse use, for such period, gave him a good and valid right to said water against the plaintiffs, and made his right to use such water a prior right to any right that plaintiffs may have," is erroneous. It does not define adverse use of water, and has the tendency to lead the jury to the conclusion that if the defendant had been in peaceable possession of his ditch for five years such possession would give him a prior right.

5. APPEAL AND ERROR—JUDGMENT—WHEN RENDERED IN SUPREME COURT
—REV. STATS. ARIZ. 1887, PAR. 949, CONSTRUED.—Under paragraph
949, *supra*, providing that when the judgment of the court below shall be reversed, the supreme court shall render such judgment as should have been rendered below, except when it is necssary that some matter of fact be ascertained, or damage be assessed, or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial. Where all the evidence is before this court, and there are no new facts to be discovered, this court will proceed to render such judgment as the district court should have rendered.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. J. D. Bethune, Judge. Reversed.

Statement of facts:—

The plaintiffs in error, Edwin Egan and Rafael Vasquez, as plaintiffs in the district court, brought an action against the Santa Rita Land and Cattle Company, Colin Cameron, Thomas Bayze, Francisco Q. Acebedo, Benjamin Acebedo, Mateo Estrada, and Julian Tanori to obtain a perpetual injunction restraining the defendants from using the water out of an irrigating ditch adverse to plaintiffs, and for the determination and adjudication of priorities of appropriation of the water, as between the respective parties, flowing from the Santa Cruz River. The cause was tried before a jury on general and special issues. Upon the general issue the jury returned a verdict for plaintiffs, and against the defendants, as to the use of water for one hundred acres of land,—fifty acres to each. Upon the special issues they returned a special verdict that the defendant Mateo Estrada had been in the adverse and peaceable possession of the right to divert from

the Santa Cruz River sufficient water to irrigate thirty-five acres of land for the period of five consecutive years from the time he built his ditch, in 1878, using the same adversely to plaintiffs, and a special verdict that the appropriation of water from the Santa Cruz River by Estrada was subsequent to plaintiffs' appropriation; whereupon the court rendered judgment for plaintiffs against all of the defendants except Estrada, and adjudged that he have the prior use of the waters of said river, as against the plaintiffs, sufficient in amount to irrigate thirty-five acres. Plaintiffs bring their writ of error against the defendant Estrada alone. Plaintiffs' principal assignment of error was, that the verdict of the jury as to five years' adverse possession in Estrada was not supported by the evidence; that the court ought to have disregarded it, and have rendered a judgment on the general verdict and on the special verdict; that the location and appropriation of Estrada was subsequent to the appropriation by plaintiffs. The defendant in error filed a motion to dismiss plaintiffs' writ of error, because all of the defendants to the action in the district court were not made defendants to the writ of error, upon the rule that all the parties to, and affected by, the judgment appealed from must be included in the writ of error.

Barnes & Martin, for Plaintiffs in Error.

Estrada pleaded five years' adverse and peaceable possession, and enjoyment thereof for more than five years before the complaint was filed.

The statute of limitations does not apply, but it has been held that a prescriptive right can be acquired by lapse of time. At common law the prescription must have been based upon twenty years' adverse and uninterrupted possession, and a grant was implied after such twenty years' uninterrupted possession; but this twenty years has been reduced to five years as the period fixed by statute as a bar to entry on land. Kinney on Irrigation, 293.

This doctrine is based on the decisions in California.

In *Anaheim Water Co.* v. *Semi-Tropic Water Co.,* 64 Cal. 185, 30 Pac. 623, it was held that a prescriptive right must be based upon a quiet, open, notorious, and continuous appropriation, use, and enjoyment of the water at all times and

seasons under the claim of right and title to do so adversely
to the whole world, and was so used and enjoyed without let,
hindrance, and objection by any one. It was there held that
while there was sufficient water flowing in the river to supply
the wants and demands of all parties, its use by one could not
be an invasion of the rights of another, and as the court found
in that case, as a matter of fact, that until within a year or
two prior to the commencement of the action there was suf-
ficient water flowing in the river to supply the wants and
demands of all parties, plaintiffs acquired no right by pre-
scription. See, also, *Grigsby* v. *Clear Water Co.,* 40 Cal.
406; *Ledu* v. *Jim Yet Wa,* 67 Cal. 348, 7 Pac. 731.

S. M. Franklin, for Defendants in Error.

The jury found, the court found, and the facts sustain the
finding, that for more than five years prior to the filing of this
action Estrada had been in the open, notorious, adverse, peace-
able possession and enjoyment, against the plaintiffs and the
whole world, of sufficient water to irrigate thirty-five acres.
That such adverse user gives a good title and prior right,
see *Davis* v. *Gale,* 32 Cal. 32; *Union Water Co.* v. *Crary,* 25
Cal. 504, 85 Am. Dec. 145; *Thomas* v. *England,* 71 Cal. 456,
12 Pac. 491; *Webber* v. *Clark,* 74 Cal. 18, 15 Pac. 431; *Hes-
peria Land and Water Co.* v. *Rogers,* 83 Cal. 10, 17 Am. St.
Rep. 202, 23 Pac. 196.

STREET, C. J. (after stating the facts).—1. It is a well-
settled rule that all parties defendant shall be included in a
writ of error when it is sought by the appeal to reverse a judg-
ment in which all the parties are interested. The nature of
this action calls for a separate judgment. The prayer of
the complaint is that the whole question of priorities to the
use of the water be examined into, and judgment rendered
for or against each of the parties to the action according to
facts found. A court of equity is empowered and has placed
upon it the duty of rendering a judgment in favor of plaintiffs
as against some of the defendants, and in favor of some of
the defendants and against plaintiffs, if the facts so warrant,
each defendant being in that particular a separate party; and
when a court of equity renders a judgment for plaintiff against
certain defendants, and for some other of the defendants

against the plaintiff, there would be no technical reason for, or equitable purpose in, making those defendants against whom a judgment had been entered parties to a writ of error brought by plaintiff against other defendants, in whose favor a judgment had been rendered against him. The judgment sought in this case to be corrected is a judgment between plaintiffs and the defendant Estrada alone, as to the priority of right to the use of water; and hence does not come within the rule that "all parties to the judgment should be made parties to the writ of error." Wherefore the motion of defendant in error to dismiss the writ will not be entertained.

2. Paragraph 784 of the Revised Statutes of Arizona prescribes that "a verdict of the jury is either general or special. A general verdict is one whereby the jury pronounces generally in favor of one or more parties to the suit upon all or any of the issues submitted to them. A special verdict is one wherein the jury find the facts only on the issues submitted to them under the direction of the court." Paragraph 785 of the Revised Statutes of Arizona prescribes: "The special verdict must find the facts as established by the evidence, and not the evidence by which they are established; and the finding must be such that nothing remains for the court but to draw from such facts the conclusions of law." Paragraph 786 of the Revised Statutes of Arizona prescribes: "A special verdict so found shall, as between the parties, be conclusive as to the facts found." Under those provisions of the law, and especially under paragraph 786, it is contended by the defendant in error that the special verdict finding that he had been in the adverse use of the water as against the plaintiffs in error for five continuous years is binding between the parties, and that the court would be compelled to enter a judgment in accordance therewith, and not treat it, under the equity rule, as advisory only. We do not understand that the provisions of paragraph 786 above referred to are a modification of the well-known rule in equity trials, that where a court submits certain questions to the jury to be answered the answers are advisory only, and that the court may disregard the answers, and find for itself different from the findings by the jury. In this case we have read the evidence taken at the trial carefully from beginning to end, and we nowhere find any evidence which would support the findings

of the jury that the defendant Estrada had been in the adverse use of the water, as against the rights and claims of plaintiffs, for five consecutive years. The evidence shows that the plaintiffs had been in the use and enjoyment of water running through a ditch taken from the Santa Cruz River for a long period of time, running back possibly as early as 1872, certainly as early as 1875 and 1876, and that defendants, from the opposite side of the same river, had been in the use and enjoyment of water running through a ditch since a period as early as 1878, but it fails to show that there had been an adverse user of the water until 1894. When there is sufficient water in the river to supply all parties, there can be no such thing as adverse use of the water to start the statute of limitations running. Each is entitled to the use of the water, and it is only when the water becomes so scarce that all of the parties cannot be supplied, and that one appropriator takes water which by priority belongs to another appropriator, that there is an adverse use. The statute commences to run from the time when such adverse use is made of the water, the adverse use being only of that water which the prior party is entitled to. When there is a sufficiency of water in the river, the prior appropriator is not entitled to the water used by the subsequent appropriator, and the subsequent appropriator can use under his appropriation without being an adverse user. We can only account for the verdict that Estrada had been in the adverse use of the ditch, as against plaintiffs, for five years, from the following instruction given by the court: "If you find that defendant Estrada was, for any five consecutive years after he built his ditch, in the year 1878, and before the commencement of this action, in the peaceable and adverse possession of his ditch, and of the waters which he should divert from the Santa Cruz River by means of said ditch, and did for any such period of five years use and employ such water in irrigating and cultivating his land, then you are instructed that such adverse use, for such period, gave him a good and valid right to said waters against the plaintiffs, and made his right to use such water a prior right to any right that plaintiffs may have, and in that event only you will find for the defendant Mateo Estrada." The instruction as given is erroneous. It does not define adverse use of water. It clearly had the tendency to lead the jury

to the conclusion that, if the defendant had been in the peaceable possession of his ditch for five years, such possession would grant him a prior right. Under this instruction, we would either have to reverse the case, and remand it for a new trial, or correct the judgment ourselves.

3. Paragraph 949 of the Revised Statutes of Arizona, under the chapter relating to judgments rendered by the supreme court, provides: "When the judgment or decree of the court below shall be reversed, the supreme court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or damage be assessed, or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial in the court below." All of the evidence being before this court, and there not being any new facts to be discovered, this court will proceed to do that which the district court should have done, which was to have disregarded the finding of the jury that the defendant Estrada had been in the adverse and peaceable possession of the right to divert sufficient water from the Santa Cruz River for a period of five successive years from the time he first built his ditch, using the same adversely to plaintiffs, as not being supported by the evidence. It is not in harmony with the findings of fact that Estrada was subsequent in his right of appropriation to plaintiffs, and not in harmony with the general verdict. The judgment of the district court as to defendant Mateo Estrada is reversed, and judgment is ordered for plaintiffs Edwin Egan and Rafael Vasquez against the defendant Mateo Estrada for the prior right to the use of water from the Santa Cruz River through the ditch used by plaintiffs.

Sloan, J., Davis, J., and Doan, J., concur.