[Civil No. 800.    Filed March 20, 1903.]

[71 Pac. 925.]

## THE W. H. TAGGART MERCANTILE COMPANY, a Corporation, Plaintiff and Appellant, v. W. W. CLACK, Defendant and Appellee.

1. TRIAL — JURY — INTERROGATORIES — SUBMISSION — DISCRETIONARY — REV. STATS. ARIZ. 1901, PAR. 1427, CONSTRUED AND HELD DIRECTORY.—Paragraph 1427, *supra*, providing that "in all cases, whether law or chancery, where more than one material issue of fact is joined, interrogatories may, under proper instructions, be submitted to the jury by the court, in writing, and they shall be answered by the jury: provided, that such interrogatories shall be plain, terse, direct, and simple, shall each be confined to a single question of fact, and shall be so framed as to be answered by yes or no and shall be so answered," is directory only, and the matter of the submission of interrogatories under it in any case is left to the discretion of the trial court.

2. ACTION TO QUIET TITLE—EQUITY—TRIAL—JURY—INTERROGATORIES—
FINDINGS — ADVISORY — ERROR — CANNOT BE BASED UPON — REV.
STATS. ARIZ. 1901, PAR. 1427, CONSTRUED—HENRY V. MAYER, 6 ARIZ.
103, 53 PAC. 590; EGAN V. ESTRADA, 6 ARIZ. 248, 56 PAC. 721,
FOLLOWED.—Where, in an equity suit to quiet title to a certain
mining claim, the court in accordance with the provisions of statute,
*supra,* submitted certain interrogatories concerning disputed issues
of fact, error could not be predicated on the form in which the
interrogatories were propounded, since the answers to the questions
submitted could at most be only advisory.

3. APPEAL AND ERROR—EVIDENCE—CONFLICTING—FINDING—WILL NOT BE
DISTURBED.—Where the evidence is conflicting, and there is any
evidence to support a finding, it will not be disturbed on appeal.

APPEAL from a judgment of the District Court of the
Fourth Judicial District in and for the County of Mohave.
R. E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

E. E. Ellinwood, for Appellant.

E. M. Sanford, for Appellee.

DAVIS, J.—The appellant corporation commenced an ac-
tion in the court below against W. W. Clack to quiet its title
to a certain mining claim in the Wallapai Mining District,
Mohave County, known as the "Silver King." The defend-
ant filed an answer and cross-complaint to the suit, in which
he denied that the plaintiff was the owner or entitled to the
possession of said mining claim, but alleged that the same
had become forfeited by reason of the failure of the plaintiff
to make the annual expenditure thereon required by law,
and that on January 9, 1901, when the Silver King ground
was open to relocation, the defendant had entered upon and
located the same, in his own name, as the "Unit Mining
Claim." The defendant prayed that his title be determined
and quieted as against the claims of the plaintiff. Upon
the trial of the case, the only question in contest was as to
whether there had been a failure by the plaintiff to perform
one hundred dollars of assessment-work on the Silver King
for the year 1900, so as to make the claim open to relocation
on January 9, 1901. The record shows that the court called
to its aid a jury of twelve men, and submitted to them certain

issues, in the form of interrogatories, directed to the ascertainment of the extent and value of the labor done and improvements made upon the Silver King mining claim for the year 1900, and that upon the issues thus submitted the jury found against the plaintiff. The court followed the findings of the jury, and entered a decree in favor of the defendant on his cross-complaint, quieting his title to the Unit mining claim against all claims, demands, or pretensions of the plaintiff thereto. From this judgment and decree the plaintiff appeals.

Error is sought to be predicated upon the form of the interrogatories which were submitted to the jury, it being claimed that the same were not plain, terse, direct, and simple, nor confined to a single question of fact, nor such as could be answered by yes or no. Our statute provides that ''in all cases, whether law or chancery, where more than one material issue of fact is joined, interrogatories may, under proper instructions, be submitted to the jury by the court in writing, and they shall be answered by the jury; provided, that such interrogatories shall be plain, terse, direct and simple, shall each be confined to a single question of fact, and shall be so framed as to be answered by yes or no, and shall be so answered.'' Rev. Stats., 1901, par. 1427. This statute is directory only, and the matter of the submission of interrogatories under it, in any case, is left in the discretion of the trial court. But, where a case is one of equitable jurisdiction solely, the court is not bound to submit any issues of fact to a jury, and, if it does so, it is only for the purpose of ''enlightening its conscience, and not to control its judgment.'' In such a case the court is at liberty to disregard the verdict and findings of the jury, either by setting them or any of them aside, or by letting them stand, and allowing them more or less weight in its final hearing and decree, according to its own view of the evidence in the case. *Improvement Co.* v. *Bradbury,* 132 U. S. 509, 10 Sup. Ct. 177, 33 L. Ed. 433; *Perego* v. *Dodge,* 163 U. S. 160, 16 Sup. Ct. 971, 41 L. Ed. 113; *Henry* v. *Mayer,* 6 Ariz. 103, 53 Pac. 590; *Egan* v. *Estrada,* 6 Ariz. 248, 56 Pac. 721. Inasmuch as the answers to the interrogatories which the court submitted to the jury in this case could, at most, only be advisory, and the decree to be entered would have to proceed from the court's own judg-

ment respecting the facts, no error can be predicated upon the form in which the interrogatories were propounded.

It is also urged that the judgment is not sustained by the evidence. The theory of the defendant's case was that the Silver King ground was open to relocation on January 9, 1901, when he entered thereon and located it as the "Unit Claim"; and, in order to prevail in the action upon this theory, it devolved upon him to show that the plaintiff had failed to do the annual work upon the Silver King for the year 1900 which the law requires to be done upon an unpatented mining claim. The evidence showed that the plaintiff had attempted a compliance with the statute by making an extension upon said claim of what was known as the "Leonard Tunnel." A large number of witnesses were examined by the respective parties touching the extent and value of this work, and there was a conflict in the evidence as to whether or not the same was worth the sum of one hundred dollars. It was the finding of the court "that, during the year 1900, the plaintiff did not do or perform one hundred dollars' worth of labor and improvements upon said mining claim," and, there being evidence to support the finding, it will not be disturbed on appeal. This being the pivotal fact upon which the case turned, the evidence must be held to sustain the judgment.

No other errors are assigned, and the judgment of the district court is affirmed.

Kent, C. J., and Doan, J., concur.