[Civil No. 1039.    Filed March 20, 1909.]

[100 Pac. 797.]

H. L. DOOLEY, Plaintiff and Appellant, v. THE BURLINGTON GOLD MINING COMPANY, a Corporation, Defendant and Appellee.

1. TRIAL—DISREGARDING VERDICT.—In a case of equitable jurisdiction solely, any verdict is merely to enlighten the court, and may be disregarded by it.

2. APPEAL AND ERROR—APPEALABLE ORDER—GRANTING NEW TRIAL.—An order, on motion for new trial, that the cause be continued for submission to a new jury, unless the parties stipulate that the court make findings and render judgment on the present record, is in effect one setting aside the verdict and granting a new trial, which is not appealable.

3. JURY—RIGHT TO JURY TRIAL—WAIVER.—Parties, by stipulating that the court make its own findings of fact, expressly waive any right to jury trial.

4. Trial—Waiver of Error—Stipulations.—Any error in exclusion of evidence at a jury trial is waived by a party stipulating as a condition to refusal of new trial that the court may decide the issues on the testimony given at the jury trial.

5. Sales—Rescission for False Representations.—A purchaser seeking to rescind the contract for false representations, having investigated for himself, may not claim to have relied on the representations.

APPEAL from a judgment of the District Court of the Fourth Judicial District, in and for the County of Yavapai. Richard E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

Leroy Anderson, for Appellant.

The general rule is that a rescission of a contract is an equity proceeding, but the distinction between rescission at law and rescission in equity is clear, and depends entirely upon the facts alleged. There is no distinction in Arizona between a proceeding at law and in equity so far as the form and mode of proceeding is concerned. "Under our statutes parties to a civil suit, unless otherwise provided, are entitled to a trial by jury, and their verdict is not in any sense advisory—the judgment of the court must follow it, or the judge must set it aside as erroneous and order a new trial." *Rees* v. *Rhodes,* 3 Ariz. 235, 73 Pac. 446.

Statute of limitation does not commence to run in an action for rescission of a contract induced by fraud, until the discovery of the facts constituting the fraud. It is the discovery of facts and not the mere suspicion that fraud has been committed. *Marbourg* v. *McCormick,* 23 Kan. 38; *Boyd* v. *Blankman,* 29 Cal. 20, 87 Am. Dec. 146; *Bailey* v. *Glover,* 88 U. S. 342, 22 L. Ed. 636; *Traer* v. *Clews,* 115 U. S. 537, 6 Sup. Ct. 155, 29 L. Ed. 467.

J. J. Hawkins, and Norris & Ross, for Appellee.

Appellant, by stipulation in open court based upon a proper consideration, waived a jury trial, and is now precluded from complaining of the lower court's failure to consider itself bound by the general verdict. "A party who voluntarily chooses or acquiesces in some other tribunal or method of

determining a controversy cannot afterward object that it should have been tried by a jury, but must be held to have waived his right to that mode of trial." 24 Cyc. 160; *Garrity* v. *Hamburger Co.* (Ill.), 28 N. E. 743.

Appellant did not particularly rely upon the false representations alleged, and this suit was filed more than one year after his discovery of the alleged fraud, and the finding of the court is correct in its conclusions. Appellant must be denied relief because of ratification, laches and estoppel. *German Nat. Bank* v. *Nagel* (Ky.), 82 S. W. 433; *Tuck* v. *Downing,* 76 Ill. 71, 7 Morr. Min. Rep. 83; *Crocker* v. *Manley,* 164 Ill. 282, 56 Am. St. Rep. 196, 45 N. E. 577, 18 Morr. Min. Rep. 485; *Eldridge* v. *Young American etc. Mining Co.,* 27 Wash. 297, 67 Pac. 703.

CAMPBELL, J.—The amended complaint in this action alleges that the appellee, defendant below, by its duly authorized agent, one H. A. Suttle, who was a director and its general manager, also its secretary and treasurer, made to plaintiff certain false representations to induce him to purchase from it 10,000 shares of its capital stock. The representations were: That the defendant company owned and was developing and operating certain mining claims in Yavapai county, Arizona; that there were many hundreds of tons of very high-grade ore in sight in the mines; that the company had paid as a purchase price for the mines the sum of $35,000; that since the purchase of the mining claims the company had sold a large amount of its capital stock and put the entire proceeds thereof into the development of the mines; that it had not authorized to be paid, or paid, any commission for the sale of any of its stock, nor was any commission to be paid upon the sale of stock to plaintiff; that the major portion of its capital stock had been sold at not less than forty cents per share, and a large amount thereof for sixty cents per share; that it had then in its treasury money to the amount of $15,000; that it had no treasury stock or capital stock in its treasury, except the amount that it was then offering for sale to plaintiff; that it had contracted for a ten-stamp mill, with full equipments necessary for its operation upon the mines; that arrangements had been made for its erection and placing in position; and that the mill was to be paid for with

money then in its treasury and from the money to be obtained by the sale of stock to plaintiff. All of these representations are alleged to have been false and known to the company and to Suttle, its agent, to have been false at the time they were made, and that plaintiff relied upon said representations and was thereby induced to purchase, and did purchase, 10,000 shares of stock at sixty cents per share, and did, in the month of June, 1903, pay to Suttle, as agent of defendant, and for and on its behalf, the sum of $6,000. It is further alleged: That plaintiff never learned that the representations were untrue until on or about the 1st of May, 1905, and that since that time he has been ready and willing to return the stock to the defendant, and tenders the same to defendant; that at the time of its purchase the stock was worthless, and has ever since remained worthless; and that by reason of the premises plaintiff has been damaged in the sum of $6,000. The complaint prays for judgment against the defendant for the sum of $6,000, and for interest on the said $6,000 from the first day of June, 1903, at six per cent per annum, and that the contract of purchase be set aside and rescinded. The original complaint in the action was filed on May 29, 1905.

The defendant, by its answer, pleaded that the cause of action stated in the amended complaint was barred by the statute of limitation, for the reason that it did not accrue within one year next prior to the filing of the complaint, and further pleaded: That more than one year prior to the filing of the complaint the plaintiff visited and fully examined the defendant's mining properties, and then and there discovered, or might have discovered, with the exercise of ordinary diligence, the truth as to the extent to which the mining properties were developed; that the plaintiff discovered, or with the exercise of reasonable diligence might have discovered, the truth as to the other representations set forth in his complaint, at a time prior to one year before the bringing of the action. It further denied specifically that the representations alleged in the complaint were made, or that the plaintiff relied upon any such representations, and alleged that prior to his purchase of stock the plaintiff examined the mining properties and relied entirely upon the result of his inspection and examination of the mines.

The case was tried before a jury, and a general verdict finding the issues in favor of the plaintiff was rendered June 12, 1906. On June 16, 1906, the defendant filed a motion that the verdict be disregarded, and that judgment be rendered for the defendant; also, a motion to set aside the verdict and to award a new trial of the issues. The motion for a new trial was argued and submitted on July 5, 1906, and on July 10th the plaintiff filed a motion that judgment be entered in his favor upon the verdict. On July 12th the court ordered that the case be continued for submission to another jury, for special findings, unless the parties should express a willingness that the court make findings and render judgment upon the present record and testimony. On November 8, 1906, the plaintiff filed an amendment to his complaint, and on December 5, 1906, the defendant filed a motion to strike the amendment, and also an answer to the amended complaint. The motion came on to be heard, whereupon, by agreement of counsel, the amendment and motion were withdrawn, and it was agreed that ''the cause be submitted to the court upon the record and testimony hereinbefore made and given in this cause at a former trial.'' Thereafter, on May 4, 1907, the cause was presented to the court in argument and submitted to the court for consideration and decision. On September 7, 1907, the court filed its decision in writing, wherein it found that the representations, alleged in the amended complaint to have been made by Suttle to the plaintiff at the time the latter purchased his stock, were in fact made by Suttle, substantially as alleged, and were believed by plaintiff at the time to be true, and, further, that the representations, in so far as they related to existing facts and conditions, were false and untrue, and known to be false and untrue by Suttle, at the time they were made. It was further found: That the plaintiff, before purchasing the stock, had full opportunity to ascertain the condition of the mining claims owned by the defendant, and the amount and value of the ore in sight; that he made a personal inspection and investigation of the property; that during the year 1903, and thereafter, he had full opportunity to learn what steps the company had taken, and was taking toward erecting a mill and to be informed as to the operations of the company and the amount of development work which was being done on the company's mining claims; that the records of the

company disclosed full information as to the number of treasury shares which had been sold, the amounts received therefrom, and the commission which was paid thereon to the agents of the company, and what had been paid in cash by the company in the purchase of the property; and that there was no concealment practiced by Suttle or by the company as to any of these facts. The court further found that the plaintiff, as one of the stockholders, was notified through a circular letter to the stockholders, signed by Suttle and dated July 1, 1903, as to the number of treasury shares which had been sold and the number of shares remaining unsold, and the amount realized from such sales, and the cash remaining on hand and in the treasury, and that a reading of this circular letter would have shown the falsity of the representations made by Suttle as to these items complained of by the plaintiff; and, further, that at the time this circular was written the brother of plaintiff, who is in like situation with him as a purchaser of stock and is a business associate with the plaintiff, was a director of the company and presumptively fully informed as to the affairs of the company, and that the plaintiff might have learned by inquiry from his brother the true condition of the affairs of the company at any time after the latter became a director. From a judgment in favor of the defendant, plaintiff appeals.

Appellant insists that this is an action at law, in which he is entitled to have the verdict of a jury. He further insists that, though it be regarded as an equitable action, the court erred in refusing to award him judgment on the verdict. This last contention is disposed of by *Taggart Mercantile Co.* v. *Clack*, 8 Ariz. 295, 71 Pac. 925, where we said: ''But, where a case is one of equitable jurisdiction solely, the court is not bound to submit any issues of fact to a jury, and if it does so, it is only for the purpose of 'enlightening its conscience, and not to control its judgment.' In such a case the court is at liberty to disregard the verdict and findings of the jury, either by setting them or any of them aside, or by letting them stand, and allowing them more or less weight in its final hearing and decree, according to its own view of the evidence in the case.'' In view of the stipulation made by the parties, the question of whether the action is one at law is not important. A motion for a new trial was presented,

and the court manifestly was of the opinion that the verdict should be set aside and another trial of the issues had. Evidently there was some suggestion from counsel that the court determine the issues without the aid of the jury, but the question was held open and the cause continued, to be submitted to another jury, unless counsel should expressly consent that the court should so determine the cause, and before any further action was taken the parties stipulated that the court should consider the testimony taken at the trial before the jury and make its own findings of fact. The effect of the order of the court of July 12th was to set aside the verdict of the jury and award a new trial. Under our statute such an order is not reviewable here. If the action is at law, appellant was entitled to a trial before another jury unless that right was waived. By stipulating that the court make its own findings of fact, he expressly waived any right he had to a jury trial. He complains that he was compelled to relinquish his rights in that respect, but there is nothing in the record to bear out such a contention. If, as he assumes, the court was about to commit error by refusing a trial by jury, his remedy to preserve his rights was not to consent to such a course, but to object thereto. Having asked the court to dispense with the jury, he may not now complain that the court erred in complying with his request.

Error is predicated upon the refusal of the court to admit certain testimony offered by appellant at the trial before the jury. Here again he is foreclosed by his stipulation that the court should decide the issues upon the testimony given at the former trial. The testimony shows, and the court found, that prior to the purchase of the stock appellant visited and inspected the mines. It is true that he testified that Suttle, who accompanied him, prevented him from making a full and fair investigation. Suttle denied having so prevented him, and the court, upon the conflicting testimony, found this issue against appellant. Having investigated for himself, he may not now claim to have relied upon the representations as to the then condition of the mines. *Mitchell Mining Co.* v. *Hammons, ante,* p. 300, 100 Pac. 795.

As to the other representations, the trial court found that appellant was put upon notice at such time that he should, by the exercise of reasonable diligence, have discovered their

falsity more than one year prior to the bringing of the action, and that the action is therefore barred. Appellant does not dispute the rule of law applied by the trial court, but insists that the finding of fact is not warranted by the evidence. The testimony is voluminous and conflicting, and we do not perceive that any useful purpose will be served by reviewing it here. A careful consideration of it convinces us that there is sufficient to warrant the court in its finding.

The judgment of the district court is affirmed.

KENT, C. J., and DOAN and NAVE, JJ., concur.