[Civil No. 1335.  Filed July 1, 1914.]

[141 Pac. 841.]

BENJAMIN BROWN, Appellant, v. O. P. GREER, as Administrator of the Estate of JAMES C. GREER, Deceased, and STANCIL GREER, as Surviving Partner of GREER BROS. & BROWN, a Copartnership Composed of STANCIL GREER, JAMES C. GREER and BENJAMIN BROWN, Appellees.

1. JURY—RIGHT TO—CONSTITUTIONAL PROVISION—CONSTRUCTION.—Constitution, article 2, section 23, providing that the right to jury trial shall remain inviolate, does not confer any new rights to trial by jury, but merely preserves the pre-existing right to trial in that manner.

2. Jury—Right of Jury Trial—Equity Cases.—In the absence of express constitutional or statutory provisions, there is no right to a jury trial in suits in equity.

3. Jury—Jury Trial—Right—Equity.—Where it is doubtful whether the right to jury trial in equitable cases exists, the right should be denied.

4. Constitutional Law—Distribution of Powers—Power of Judiciary.—The courts are not concerned with the wisdom of legislative enactments where they are within the power of the legislature.

5. Jury—Jury Trial—Right of Legislature.—It is within the authority of the legislature to provide for trial by jury in equitable actions.

6. Jury—Right to Jury Trial.—Civil Code of 1901, paragraph 1389, provided that in all cases, both in law and in equity, either party should have the right to submit all issues of fact to a jury. Constitution, article 2, section 23, which was thereafter adopted, declares that the right to trial by jury shall remain inviolate. *Held* that, the statute being clear and explicit, a party, even in an equitable action, is entitled to a right to jury trial, although the mode of the trial is governed by Civil Code of 1913, paragraph 542.

[As to right to jury trial in action of law where equitable defense is interposed, see note in Ann. Cas. 1913D, 168. As to right of defendant in equitable action to jury trial with respect to counterclaim, see note in Ann. Cas. 1914C, 852.]

APPEAL from a judgment of the Superior Court of the County of Navajo. Sidney Sapp, Judge. Reversed and remanded.

The facts are stated in the opinion.

Mr. Thorwald Larson and Mr. J. E. Crosby, for Appellant.

Mr. E. S. Clark, Mr. J. Ralph Tascher and Mr. Neil C. Clark, for Appellees.

FRANKLIN, C. J.—This cause originated in the superior court of Apache county. It was removed to the superior court of Navajo county upon a change of venue, and tried there January 11, 1913. The cause was tried upon the amended complaint and answer to the amended complaint. The amended complaint alleges a copartnership between the parties, and prays for an accounting and an adjustment and settlement of the copartnership affairs. The answer to the amended complaint is, in substance, a general denial. From

a judgment in favor of plaintiffs for the sum of $490 and an order overruling a motion for a new trial, defendant appeals.

Defendant and appellant presents seven assignments of error. These assignments, except the one hereinafter quoted, are not essential to a decision, because they have been disposed of by a consideration of similar assignments on a similar record in the case of *Brown* v. *Greer, ante,* p. 222, 141 Pac. 843. The only assignment necessary to consider is as follows:

"The court erred in refusing the appellant's demand for a trial by a jury in said cases Nos. 347 and 348 made at the opening of the court on said 11th day of January, 1913; it appearing that there had been no call of the calendar on the first Monday of any month since said cases Nos. 347 and 348 were docketed in this court."

Section 23 of article 2, Constitution of Arizona, provides:

"The right of trial by jury shall remain inviolate, but provision may be made by law for a jury of a number of less than twelve in courts not of record, and for a verdict by nine or more jurors in civil cases in any court of record, and for waiving of a jury in civil cases where the consent of the parties interested is given thereto."

The court refused the demand of defendant and appellant for a jury, on the ground that the application, under the statutes and rules of court of Navajo county superior court, was made too late. The record does not support this view. Nothing appears in the record to show that defendant and appellant had waived his demand for a jury or had had a previous opportunity to make an application. The pleadings in this cause, however, disclose that it is wholly an equitable action. In the absence of a constitutional or statutory provision, it is the well-settled general rule that in such cases the failure of the court to submit issues to a jury is not error.

The provision of the Constitution quoted does not give the right to a trial by jury, but its purpose is to guarantee the preservation of the right. In other words, it does not create or extend the right, but by its declaration there is guaranteed the preservation of such right as it existed when the Constitution was adopted. *State* v. *Cobb,* 24 Okl. 662, 24 L. R. A. (N. S.) 639, and cases cited, 104 Pac. 361.

"In the absence of express constitutional or statutory provision there is no right to a jury trial in suits in equity." 24 Cyc. 111.

We must therefore determine if there is a statutory provision in Arizona giving to the appellant such a right. Consulting the laws in force when the Constitution was adopted, we find in paragraph 1389, Revised Statutes of Arizona of 1901, it is provided that:

"In all cases, both at law and in equity, either party shall have the right to submit all issues of fact to a jury."

The laws in effect before this statute was enacted were somewhat ambiguous as to the right to a jury trial in equity cases. They required construction and there was much doubt as to the legislative intent to give such right. Where there is doubt that the right exists, it is, perhaps, uniformly held by the courts that such right will be denied. 24 Cyc. 112, and cases cited.

The case of *Henry* v. *Mayer*, 6 Ariz. 103, 53 Pac. 590, was an equity case. Against the objection of the plaintiff the court submitted certain issues in the form of interrogatories. to the jury and following the verdict of the jury the court found for the defendant. The supreme court held that the adoption by the trial court in its decree of the findings of the jury was discretionary, and must be regarded as simply the findings of the court, and not of the jury, in so far as a review upon the appeal is concerned.

The case of *Egan* v. *Estrada*, 6 Ariz. 248, 56 Pac. 721, which was also an equity case, was submitted to a jury on general and special issues. The lower court in this case also rendered judgment following the verdict. Construing the laws in effect prior to 1901, the supreme court of the territory held, in the two cases last cited, that the verdict of a jury in an equity case was advisory only.

*Taggart Mercantile Co.* v. *Clack*, 8 Ariz. 295, 71 Pac. 925, was an equity case which was submitted to a jury. This case it is true was decided since the code of 1901 went into effect, but the court's attention was directed to the provisions of paragraph 1427, Revised Statutes of Arizona of 1901, which provides:

"In all cases, whether law or chancery, where more than one material issue of fact is joined, interrogatories may, under proper instructions, be submitted to the jury by the

court in writing, and they shall be answered by the jury:
Provided, that such interrogatories shall be plain, terse, direct
and simple, shall each be confined to a single question of fact,
and shall be so framed as to be answered by yes or no, and
shall be so answered.''

The court held this statute to be directory only, and that
the matter of the submission of interrogatories under it, in
any case, is left in the discretion of the trial court, and that
error could not be predicated upon the form of the interroga-
tories which were submitted to the jury, inasmuch as the an-
swers could at most only be advisory. As authority for the
decision, it quoted the cases of *Henry* v. *Mayer,* 6 Ariz. 103,
53 Pac. 590, and *Egan* v. *Estrada,* 6 Ariz. 248, 56 Pac. 721,
evidently overlooking paragraph 1389, Revised Statutes of
Arizona of 1901. The case of *Dooley* v. *Burlington Gold
Min. Co.,* 12 Ariz. 332, 100 Pac. 797, was also one in equity,
which was submitted to a jury, and a general verdict finding
the issues in favor of the plaintiff was rendered. On consid-
ering a motion for a new trial, the court ordered:

''That the case be continued for submission to another
jury, unless the parties should express a willingness that the
court make findings and render judgment upon the present
record and testimony.''

This the parties stipulated be done. The appellant claimed
that he was compelled to relinquish his right to a jury.
While the court quoted with approval the case of *Taggart
Mercantile Co.* v. *Clack, supra,* containing general observa-
tions on the functions of the chancellor in an equity case, the
decision turned upon a stipulation by the parties with respect
to a submission of the issues to a jury. The court said:

''If, as he assumes, the court was about to commit error by
refusing a trial by jury, his remedy to preserve his rights was
not to consent to such a course, but to object thereto. Hav-
ing asked the court to dispense with the jury, he may not now
complain that the court erred in complying with his request.''

In none of the Arizona cases have the provisions of para-
graph 1389, Revised Statutes of Arizona of 1901, so far as
the right to have the submission of the issues in an equity
case to the jury is concerned, been discussed, or the effect
thereof construed. Had such provision not been overlooked,
and its force escaped the attention of the court in the Tag-
gart case, we are persuaded the decision would have been

different. In the determination of this question, therefore, we approach it unembarrassed by any prior decision in this jurisdiction. In plain and unambiguous language the statute says that in all cases, both in law and in equity, either party shall have the right to submit all issues of fact to a jury. Such language requires no construction, no interpretation. With the policy and wisdom of such a provision we have nothing to do. Whether we should write it if such power was ours were an idle speculation. If it is a valid statutory enactment, we have no right to disregard the language and thereby extirpate it—root and branch—from the body of the law. If the legislature had the power to do this, a court has no choice but to enforce the law as promulgated. This power seems to be fully recognized in *Basey* v. *Gallagher*, 20 Wall. 670, 22 L. Ed. 452, wherein the supreme court of the United States, in construing a provision of the Montana statute, speaking through Mr. Justice FIELD, said:

"Ordinarily, where there has been an examination before a jury of a disputed fact, and a special finding made, the court will follow it. But whether it does so or not must depend upon the question whether it is satisfied with the verdict. This discretion to disregard the findings of the jury may undoubtedly be qualified by statute; but we do not find anything in the statute of Montana, regulating proceedings in civil cases, which affects this discretion."

No jealous disposition for the retention of power, no sacred regard for the purity and inviolability of the chancellor's conscience, should cause this court to narrow the legislative intent by any forced construction, or cause it to hesitate in the application of a plain statutory requirement. It has been observed with some wit that the chancellor's conscience is no longer than the chancellor's foot. The intimation is that one chancellor has a long foot, another a short foot, a third an indifferent foot; the insinuation being what an uncertain measure this would be. But what, if any, truth may be contained in such witticism, or how far the temperament of the legislature with regard to a chancellor's conscience may have been influenced in that direction, it is not necessary to consider. So forcible objections may be urged in the administration of the equity powers of the court in such manner. All such considerations however, go to the expediency of conferring the right and not to its observance

when given. If the right did exist at the time of the adoption of the Constitution, then by the provisions of that instrument such right shall remain inviolate. If such right ought not exist, the people have the power by an amendment to their organic law to take it away.

In view of the statutory history of this matter, and the expressions by the supreme court of the territory concerning statutes bearing on this subject, but unlike the one now before us, it is at once apparent that the legislature has made a most persistent and vigorous effort to give by statute, as plain as language could express it, the right to have the issues in an equity case submitted to a jury. We are persuaded that this effort of the law-making power has been accomplished. That the legislature had the power to enact the statute is not questioned. That an imperative mandate of the law may not be disregarded by this court, but must be sanctioned and have its intended application, is clear. The right to a trial by jury in any case is a most substantial right and, where it has been given its observance should be rigidly enforced. Granting the power to enact it, there remains nothing to do but enforce it. There is no ambiguity in it. There is no doubt about it. It says just what it means. That is:

"In all cases, both at law and in equity, either party shall have the right to submit all issues of fact to a jury."

Such right exists, and therefore, it must be respected and observed. The appellant was denied this right and complains. We must reverse this case in order that such right may not be denied him.

However, it may not be amiss to say that upon a new trial of this case, if a jury be not waived, the provisions of paragraph 542, Revised Statutes of Arizona, Civil Code, 1913, and the ruling of this court in the case of *Costello* v. *Gleeson,* 15 Ariz. 280, 138 Pac. 544, must not be overlooked. In the Glee  n case, even under the statute of 1901, we held it to be the duty of the court to submit, by special interrogatories, such issues of fact as the nature of the case demanded, instead of permitting the jury to return a general verdict.

Judgment reversed and cause remanded, with directions to grant a new trial.

CUNNINGHAM, J., and SMITH, Superior Judge, concur.

ROSS, J., being disqualified and announcing his disqualification in open court, the remaining judges, under section 3 of article 6 of the Constitution, called in Hon. FRANK O. SMITH, Judge of the superior court of the state of Arizona, in and for the county of Yavapai, to sit with them in the hearing of this case.

Application for rehearing denied.