[Civil No. 1336.   Filed July 1, 1914.]

[141 Pac. 843.]

BENJAMIN BROWN, Appellant, v. O. P. GREER, as Administrator of the Estate of JAMES C. GREER, Deceased, and STANCIL GREER, as Surviving Partner of GREER BROS. & BROWN, a Copartnership Composed of STANCIL GREER, JAMES C. GREER and BENJAMIN BROWN, Appellees.

1. VENUE—CHANGE—OBJECTIONS—WAIVER.—Under Civil Code of 1901, paragraph 1377, as amended by Laws of 1907, chapter 74, providing that a change of venue shall be deemed abandoned unless the applicant shall, within five days, give an undertaking conditioned for the payment of all costs adjudged against him, where defendant appeared in the court to which a cause was transferred on change of venue and demanded a jury trial, he could not thereafter be heard to urge objections to the jurisdiction of the court because of the failure to file such undertaking, especially where the venue was changed on his own application, and in urging objections he was therefore endeavoring to take advantage of his own default, since upon a change of venue objections to the jurisdiction must be made in the proper manner and at the earliest opportunity.

2. VENUE—CHANGE—OBJECTIONS—FAILURE TO PAY FEES.—There being no statute or rule of court regarding the payment of fees upon a change of venue, no jurisdictional question was involved in the failure to pay filing fees to the clerk of the court.

3. TRIAL—NOTICE OF TRIAL—SUFFICIENCY.—While a more definite notice of the setting of a case for trial than a letter to defendant's counsel by the trial judge might have been given, such letter advising counsel that the case had been set for trial was sufficient to put him upon inquiry, and, in the absence of any showing of unpreparedness

to go to trial, the court did not err in ordering the cause to proceed notwithstanding the alleged insufficiency of the notice.

4. Pleading—Demurrer—Abandonment or Waiver of Demurrer.— Where, though demurrers to the complaint and to the answer to the cross-complaint were not ruled upon by the court from which a cause was transferred on a change of venue, defendant, after mentioning the demurrers when the case was called for trial in the court to which it was transferred, did not contradict a statement that they had been passed upon by the court from which it was transferred and permitted the court to proceed upon the theory that they had previously been ruled upon, it was not error to go to trial without ruling upon the demurrers.

5. Appeal and Error—Objections in Lower Court—Necessity.—Error could not be predicated upon the failure to rule on motions to strike the answer to the cross-complaint and certain portions thereof, where such motions were never brought to the attention of the trial court in any manner whatever.

6. Jury—Right to Jury Trial—Waiver of Right.—Under Constitution, article 2, section 23, providing that the right of trial by jury shall remain inviolate, but that provision may be made by law for waiving a jury in civil cases where the consent of the parties is given thereto, Civil Code of 1901, paragraph 1389, providing that on the first day of the term, or such day as the court may direct, the docket shall be called and a jury must be demanded or the right to a trial by jury shall be regarded as waived, and a rule of the trial court requiring parties desiring a jury to demand it on the call of the calendar, where defendant had not previously consented to a waiver of a trial by jury a demand for a jury trial on the day the cause was set for trial was not too late, whether or not the trial calendar had been previously called and whether or not the case could properly have been on the trial calendar because of demurrers and motions to strike which had not been ruled upon, since the right to a trial by jury is an absolute right and not a privilege, and the statute and rule of court so far as they conflict with the provisions of the constitution are inoperative.

7. Jury—Right to Jury Trial—Waiver of Right.—Under a rule of the superior court providing that the trial calendar would contain all cases in which issues of fact had been joined and in which all preliminary motions and demurrers had been disposed of, and that parties desiring a jury must demand it on the call of the trial calendar, the failure to demand a jury trial upon the call of the trial calendar did not defeat the right thereto, where motions to strike the answer to the cross-complaint and certain portions thereof had not been determined, as the case could not properly have been upon the trial calendar.

APPEAL from a judgment of the Superior Court of the County of Navajo. Sidney Sapp, Judge. Reversed and remanded.

The facts are stated in the opinion.

Mr. Thorwald Larson and Mr. J. E. Crosby, for Appellant.

Mr. E. S. Clark, Mr. J. Ralph Tascher and Mr. Neil C. Clark, for Appellees.

SMITH, J.—This cause originated in the superior court of Apache county and was removed to the superior court of Navajo county upon change of venue.

This is an action *ex contractu.* The cause was tried upon the amended complaint of plaintiffs and appellees, answer of defendant and appellant to plaintiffs' amended complaint, defendant and appellant's cross-complaint, and answer of plaintiffs and appellees to defendant, and appellant's cross-complaint. From a judgment in favor of plaintiffs, in the sum of $212.85, defendant appeals.

The assignments of error regarded as essential to this decision will be considered in their order.

Defendant and appellant's first and second assignments of error may be considered together. They are as follows: (1) The court erred in overruling the defendant's objection to the jurisdiction of the court, and upon the ground that there had been no compliance with the requirements of paragraph 1377, Revised Statutes of Arizona of 1901, as to the payment of costs of change of venue, and requiring the filing of a bond by the party moving for a change of venue. (2) The court erred in overruling the defendant's objection to the jurisdiction upon the ground that the files in this cause were not legally on file in this court, and that said cause was not legally docketed in said court, by reason of the nonpayment of the filing fees required by law and by the rules of said court.

The record in this cause discloses that defendant and appellant filed a motion for change of venue in the superior court of Apache county, supported by the required affidavit. Thereafter, counsel for plaintiffs and appellees appeared and consented to change of venue. Thereupon, the court made an

order transferring the cause to the superior court of Navajo county. When this order was made, defendant and appellant was not represented in person or by counsel. Defendant and appellant never filed any bond upon change of venue, as provided by statute; but the clerk of the superior court in Apache county, without having received such bond, forwarded the files and papers in the cause to the clerk of the superior court in Navajo county. The clerk of the superior court in Navajo county, without receiving any fees, filed the papers in said cause in his office.

The material part of paragraph 1377, Revised Statutes of Arizona of 1901, as amended by Act No. 74, Session Laws of 1907, is as follows:

"And the clerk of the proper court shall receive the papers and docket the cause in its order, and it shall be tried or otherwise disposed of as if it had originated in that court: provided, however, that the change of venue shall be deemed abandoned, unless the applicant shall also within said five days, give an undertaking to the opposite party, with sureties to be approved by the clerk of the court, to the effect that he will pay all costs that may be adjudged against him in said case."

Paragraph 1380, Revised Statutes of Arizona of 1901, provides in part as follows:

"Each party shall be heard to urge his objections to any county or judge in the first instance, and the change of venue shall be to the most convenient county to which the objections of parties do not apply or are least applicable."

It is to be noted that, in urging his objections to the jurisdiction of the superior court of Navajo county, defendant and appellant is endeavoring to take advantage of his own default.

Under a statute somewhat similar, the supreme court of Illinois, in *Lowry* v. *Coster*, 91 Ill. 182, held that, where a defendant obtains an order for a change of venue to another court under a statutory provision requiring him to pay the clerk the expenses attending the change within a specified time and he fails to pay such charges, the defendant cannot take advantage of his neglect to pay to defeat the change and have the cause remanded.

Aside from this point, however, the record discloses that when the case was called for trial January 11, 1913, counsel

XVI Ariz.—15

for defendant appeared in open court and demanded a jury and made no objection to the jurisdiction of the court until after the demand for jury had been denied. Even then, counsel for defendant made no formal motion or objection. It is elementary that, upon change of venue, counsel must make his objection to the jurisdiction in the proper manner and at the earliest opportunity. This cause was docketed in the superior court of Navajo county October 3, 1912. No motion to remand was ever made or filed or presented at any time. No plea to the jurisdiction of the court was ever filed or presented at any time. In appearing in the superior court of Navajo county and making his demand for a jury trial, counsel could not thereafter be heard to urge objections to the jurisdiction, particularly objections based upon his own neglect. *Christ* v. *Flannagan,* 23 Colo. 140, 46 Pac. 683; *State* v. *District Court of Pine County,* 88 Minn. 95, 92 N. W. 518.

Our statutes are silent as to what fees, if any, shall be paid to the clerk of the court to which an action may be transferred upon change of venue. In the absence of any statutory provision or any rule of court regarding the payment of fees in such a situation, no jurisdictional question was involved in the failure of the parties to make payment of fees.

The third assignment of error is as follows: (3) The court erred in notifying counsel for defendant by letter that cases 347 and 348 had been set for hearing on the 11th day of January, 1913, when he intended to set those cases for trial on that day.

The record discloses that on December 28, 1912, Judge SAPP wrote counsel for defendant and appellant as follows:

"This is to advise that cases 347 and 348, *Greer* v. *Brown,* have been set for hearing January 11, 1913."

While a more definite notice of the setting of these cases for trial might have been given, the notice so given was certainly sufficient to place counsel for defendant and appellant upon inquiry. In the absence of any showing whatever to the trial court of unpreparedness to go to trial on January 11, 1913, the court did not commit error in ordering the cause to proceed for trial by reason of the alleged insufficient notice.

The last four assignments of error will be considered together. They are as follows: (4) The court erred in refusing to hear and decide the general demurrer to plaintiffs'

amended complaint and the motion to strike out plaintiffs' answer to defendant's cross-complaint. (5) The court erred in compelling the defendant to go to trial in said action, when there were pending and undecided by either the superior court of Apache county or the superior court of Navajo county the defendant's motion to strike the plaintiffs' answer to the defendant's cross-complaint and the defendant's general demurrer to the plaintiffs' answer to the defendant's cross-complaint. (6) The court erred in forcing the defendant to proceed to trial in this action without due and legal notice and without an opportunity to procure the attendance of witnesses essential to his proper defense. (7) The court erred in refusing defendant's demand for a trial by jury in this action, which demand was made at the earliest opportunity after the defendant was required to proceed to try said action, and as soon as defendant was advised that a time had been set for the trial of this action, which was soon after defendant's counsel reached the courtroom at or about 2 P. M. on January 11, 1913; it appearing by the record that there had been no call of the calendar on the first Monday of any month since this case was docketed in said superior court of Navajo county.

An examination of the record discloses a general demurrer to the complaint and a motion to strike the answer to the cross-complaint, as well as a motion to strike certain portions thereof; also, a general demurrer to the answer to the cross-complaint.

When the case was called January 11, 1913, counsel for defendant and appellant referred to these law questions as follows: "I think we have some demurrers here." Page 124, Abstract of Record. Argument followed, during which the uncontradicted statement was made that the demurrers had been passed upon by the superior court of Apache county. The court finally made this ruling:

"If it is the same thing the court has passed upon heretofore, the court will not listen to it."

And thereupon the cause proceeded to trial. The motions to strike were not raised.

The record in the superior court of Apache county is very meager; it shows no action taken upon the motions to strike, and the only reference to the demurrers is found in the

minutes referring to the action of the court on motion for
change of venue. Page 103, Abstract of Record. In these
minutes, July 18, 1912, this statement appears: "Demurrer
in this case having been previously overruled." Aside from
this, the only other reference to this matter is upon the
minutes of July 13, 1912, where this statement is found:
"Counsel on both sides argued in relation to some points of
law." So far as the record is concerned, it does not appear
that the particular demurrers of defendant and appellant, to
which reference is made in his assignments of error, had ever
been ruled upon by the court. After suggesting the matter,
however, counsel clearly allowed the court to proceed upon
the theory that the superior court in Apache county had pre-
viously ruled upon the demurrers.

So far as the motions to strike are concerned, it does not
appear that counsel for defendant and appellant brought
them to the attention of the trial court in any manner what-
ever, and he cannot now predicate error upon his failure to
properly present these motions.

With reference to assignment No. 6, it is sufficient to say
that counsel for defendant and appellant, both at the trial
and upon the motion for new trial, wholly failed to properly
present to the court any sufficient showing of unpreparedness
for trial or inability to procure the attendance of witnesses
at the trial January 11, 1913.

Immediately upon the calling of the case January 11, 1913,
counsel for defendant and appellant demanded a trial by
jury. Lengthy argument followed upon the question of
whether or not defendant had had an opportunity to demand
a trial by jury at a previous call of the calendar. Section 23,
article 2, of the Constitution of the state of Arizona, is as
follows:

"The right of trial by jury shall remain inviolate, but
provision may be made by law for a jury of a number of less
than twelve in courts not of record, and for a verdict of nine
or more jurors in civil cases in any court of record, and for
waiving of a jury in civil cases where the consent of the par-
ties interested is given thereto."

Paragraph 1389, Revised Statutes of Arizona of 1901, pro-
vides as follows:

"On the first day of the term, or on such day as" the court may direct, "the docket shall be called, and" the jury must be demanded or "the right to a trial by jury shall be regarded as waived."

One of the rules of the superior court of Navajo county provides:

"The trial calendar will contain all cases in which issues of fact have been joined . . . and in which all preliminary motions and demurrers have been disposed of. . . . Parties desiring a jury must demand the same on the call of the trial calendar. On the first Monday of each month the trial calendar will be called and the cases thereon set for trial."

A certificate of the superior court clerk in the record discloses that the trial calendar was not called upon the first Mondays of November and December, 1912; there is some uncertainty as to when the trial calendar was called in October. We do not consider this material, however, as, under the rules of the superior court of Navajo county, the case could not properly have been upon the trial calendar as certain law questions were still undetermined. Aside from the uncertainty of any action having been taken upon the demurrers, as referred to above, it clearly appears that no action whatever had ever been taken upon motions to strike, and defendant never waived these motions by failure to present them until his first appearance in court January 11, 1913. Aside from this, however, it is to be noted that our constitutional provision regarding the right of trial by jury is extremely explicit. In so far as the statutory proviso above quoted or the rule of court conflict with the provisions of the Constitution, they become inoperative. Even if the case had been at issue prior to January 11, 1913, in the absence of an affirmative showing in the record that defendant had "consented to a waiver of trial by jury," his demand on January 11, 1913, did not come too late. Either party in civil actions has the absolute right of a trial by jury; it is not a privilege. And unless the parties "consent" to waive a jury in civil causes, it is error for the court to refuse either party his constitutional right.

Aside from any question as to whether the trial calendar had been called previous to the date of trial, January 11, 1913, and waiving any question as to whether the case could

properly have been on the trial calendar in view of the situation concerning the law questions, we hold that, in the absence of any record disclosing the appearance of defendant in court consenting to the waiver of his right to a jury trial, the court erred in refusing his demand for jury trial made on January 11, 1913.

This is uniformly supported by all the cases bearing upon this question, and, for this reason, this cause is reversed and remanded to the superior court of Navajo county for trial.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

ROSS, J., being disqualified and announcing his disqualification in open court, the remaining judges, under section 3 of article 6 of the Constitution, called in Hon. FRANK O. SMITH, Judge of the superior court of the state of Arizona, in and for the county of Yavapai, to sit with them in the hearing of this case.

Application for rehearing denied.