[Criminal No. 732. Filed January 3, 1931.]

[294 Pac. 629.]

ORVILLE PRUITT, Appellant, v. STATE, Respondent.

Mr. R. H. Brumback and Mr. E. B. Goodwin, for Appellant.

Mr. K. Berry Peterson, Attorney General, Mr. Riney B. Salmon, Assistant Attorney General, and Mr. George T. Wilson, County Attorney, for the State.

LOCKWOOD, C. J.—Orville Pruitt, hereinafter called appellant, was informed against by the county attorney of Maricopa county for the crime of robbery. He was duly convicted by a jury and sentenced to a term of imprisonment in the state prison, and from the verdict and judgment entered he has appealed.

There are five assignments of error, but we need consider only the first two. They are, in substance, an attack upon the action of the trial court in giving the following instruction:

"Under the evidence in this case, however, gentlemen, and under the admission of counsel in their address to you, the court instructs you that it will be your duty to either find this defendant guilty of robbery or of an attempt to rob, and I shall, therefore, not submit to you for your consideration the question of his being not guilty, it being admitted by counsel in his argument that the defendant was guilty of an attempt to rob."

Section 5016, Revised Code of Arizona 1928, reads as follows:

402

"5016. Plea of guilty, personal plea; withdrawal. A plea of guilty can be put in by the defendant himself only in open court, unless upon indictment or information against a corporation, in which case it may be put in by counsel. The court may, at any time before judgment, permit a plea of guilty to be withdrawn, and a plea of not guilty substituted."

In construing a similar statute the Supreme Court of California, in the case of *People* v. *McCrory,* 41 Cal. 458, has held that a plea of guilty can only be entered by the express consent of the defendant, given by him personally in direct terms in open court. In the case at bar the only plea ever entered by appellant was one of not guilty. Section 5017, Revised Code of Arizona 1928, is as follows:

"5017. Issue and evidence on plea of not guilty. The plea of not guilty puts in issue every material allegation of the indictment or information, and all matters of fact tending to establish a defense, other than that of former conviction or acquittal or former jeopardy, may be given in evidence under the plea of not guilty."

It thus appears that appellant by a formal plea made the issue of his guilt or innocence one of fact. Nor can the attorney for defendant admit away his life or liberty in the face of a plea of not guilty. *People* v. *Thompson,* 4 Cal. 238.

Section 12, article 6, Constitution of Arizona, reads in part as follows:

"Judges shall not charge juries with respect to matters of facts nor comment thereon, but shall declare the law."

It is obvious that the instruction complained of is a specific charge that as a matter of fact the defendant was guilty of some crime set up in the information, and a peremptory instruction to find him guilty. There is a wealth of authority on the question as to whether a trial court has the right to instruct a jury

to return a verdict of guilty under any circumstances, when the defendant has entered a plea of not guilty and such plea has never been formally withdrawn by him in the manner provided by law. The overwhelming weight is to the effect that under no circumstances may this be done in a felony case. We think the case best expressing the reason for this rule is that of *State* v. *Koch,* 33 Mont. 490, 8 Ann. Cas. 804, 85 Pac. 272, 274. Therein the court says:

"After all, it is of little moment what the theory of courts or the Legislature may be as to the duty of the jury under their oaths. It is well known that in practice they have the power to determine for themselves whether the law as declared by the court is applicable to the facts, and if they acquit the defendant through a mistaken notion that it is not applicable, or out of a total disregard of it, the case is ended for all time; for, under another constitutional guaranty, that no person shall be twice put in jeopardy for the same offense, the court may not set aside the verdict and grant a new trial in such a case. Nor is it at all to the point that the statute (Penal Code, § 2096) authorizes the court to advise a verdict of acquittal when in its opinion the evidence does not warrant a conviction, or that the court should, when there is a failure of proof, direct such a verdict. *State* v. *Welch* [22 Mont. 92, 55 Pac. 927], *supra.* The converse of this is not the law, as we have seen. Nor do we know of any respectable authority in which the position here assumed by the Attorney General has been upheld in a felony case. . . .

"The text of Thompson on Trials lays down the rule thus: 'Under constitutional provisions existing, it is assumed, in all states, which guarantee to persons accused of crime the right of trial by jury, an accused person has, in every case where he has pleaded not guilty, the absolute right to have the question of guilty or not guilty submitted to the jury, no matter what the state of the evidence may be. Such is the nature of the right thus granted, that it has been frequently held that it cannot be waived by the prisoner, and that the trial of a criminal case

before the court without a jury, is erroneous, even where it takes place with 'the prisoner's consent.' Section 2149.

"As we have pointed out, a jury may be waived in this state in a misdemeanor case, under the express provision of the Constitution; but, with this exception, we think the great weight of reason and authority supports the view that the court may not in any case upon a plea of not guilty coerce the jury by a mandatory instruction to return a verdict of guilty. While the jury should take the law as laid down by the court and be governed by it, except in libel cases, wherein they are the judges of the law and fact (Const., art. 3, § 10; *Paxton* v. *Woodward,* 31 Mont. 195, 78 Pac. 215 [107 Am. St. Rep. 416, 3 Ann. Cas. 546]), the person accused may not be deprived of his absolute right to have the question of his guilt or innocence, not only of the particular crime charged, but of any included therein, determined by the jury without coercion by the court."

With this statement of the law we are in hearty accord. Under no circumstances may a trial court direct a jury to return a verdict of guilty in the face of a plea of not guilty still standing. The proper procedure in case the defendant does admit his guilt during a trial is for him to ask permission to withdraw his plea of not guilty and to enter a plea of guilty, in which case there is nothing remaining for the jury to do, and they should be discharged and the court should pronounce judgment upon the plea of guilty. No matter how clear and convincing the evidence may be as to the guilt of a defendant, no matter what admissions may be made by him or by his counsel during the process of trial, the trial judge cannot take from the jury the right of freely passing upon the guilt or innocence of the defendant so long as the plea of not guilty stands.

The Attorney General has very properly, in the face of this record, admitted the error; that it is prejudicial in the highest degree is obvious. It is

true there was ample evidence in the record to sustain a verdict of guilty of robbery, but the instruction complained of makes it necessary that the case be reversed and remanded to the superior court of Maricopa county for a new trial. It is so ordered.

McALISTER and ROSS, JJ., concur.