358 P.2d 712

Laurence WHITE, Appellant,

v.

Jay BATEMAN, David C. Davis et al., Appellees, and Coy DeArman, Intervenor.

No. 7219.

Supreme Court of Arizona.

Jan. 23, 1961.

Harry Bagnall, Coolidge, for appellant.

Estes D. McBryde, County Atty. of Pinal County, Casa Grande, for appellees.

Powers & Rehnquist, Phoenix, for intervenor.

BERNSTEIN, Vice Chief Justice.

The basic question presented in this appeal is whether the provisions of A.R.S. Title 16, chapter 6, which is entitled "Nomination Other Than By Primary Election," apply to a person who has run in the preceding primary election and has been defeated therein.

The facts as stipulated to by the parties may be briefly stated as follows: Laurence White (hereinafter referred to as "appellant") and Coy DeArman (hereinafter called "intervenor") were both candidates for sheriff of Pinal County in the Democratic Primary held on September 13, 1960. The appellant was nominated in the primary on the Democratic ticket and subsequently, within the time prescribed by law, intervenor secured the placing of his name on the general election ballot by complying with the provisions of A.R.S. Title 16, chapter 6. Upon the canvass by the appellees—Board of Supervisors of Pinal County—intervenor was declared the elected sheriff of Pinal County, Arizona.

On November 17, 1960, appellant filed suit in the Superior Court of Pinal County for an injunction to prevent the Board of Supervisors from issuing a certificate of election to intervenor and for final judgment declaring that placing of the name of intervenor on the ballot be declared illegal, that his subsequent election be declared illegal and that appellant be declared the duly elected sheriff of Pinal County, Arizona, for the term beginning the first Monday in January, 1961. Upon hearing the temporary injunction, the trial court granted intervenor's motion to intervene and dismissed the complaint on motion duly filed. From the order granting the motion to dismiss this appeal was taken. It should be noted that our ruling in Cavender v.

Board of Supervisors of Pima County, 85 Ariz. 156, 333 P.2d 967, 969, was relied upon by the Board of Supervisors in placing intervenor's name on the general ballot and by the trial court in dismissing the complaint.

The appellant contends that the provisions of A.R.S. Title 16, chapter 6, are not applicable or available to a person who has been defeated in a primary election to have his name placed on the subsequent general election ballot for the same office for which he ran in the primary election because such action would be violative of the provisions of Article 7, section 10, Constitution of Arizona, A.R.S. This identical contention was presented to us in the case of Cavender v. Board of Supervisors, supra, wherein we stated:

"* * * appellees claim section 16–601, supra [A.R.S. Title 16, chapter 6], is in some manner violative of article 7, section 10, Constitution of Arizona. We are unable to perceive even the slightest merit to this contention. As a matter of fact the constitutional proviso merely contains a mandate: 'The Legislature shall enact a direct primary election law, which shall provide for the nomination of candidates for all elective State, county, and city offices, including candidates for United States Senator and for Representative in Congress.' Art. 7 Sec. 10, Const. of Ariz.

"Obviously this was not intended to make of the primary election statutes enacted pursuant thereto the exclusive method of nominating candidates. * * * Since there is no limitation in article 7, section 10, supra, upon the power of the legislature to provide for 'nomination other than by primary election', we hold the powers of the legislature upon the subject are plenary.

" * * * the mere fact that appelant Cavender was a defeated candidate in the primary election does not in any way affect his right to avail himself of the provisions of section 16–601, supra. This for the reason that the statute has no such prohibition contained therein." (Citing cases.)

 Is Cavender v. Board of Supervisors sufficiently determinative of the question before us that we may rest it upon the rule of stare decisis? The rule of stare decisis is most frequently applied where to overrule a prior decision would affect property and vested rights, but it is also of great importance in matters where the rights of the public as a whole are concerned. State ex rel. La Prade v. Cox, 43 Ariz. 174, 30 P.2d 825. It is grounded on public policy that people should know what their rights are as set out by judicial precedent and having relied on such rights in conducting their affairs should not have them done away with by judicial fiat.

Austad v. Austad, 2 Utah 2d 49, 269 P.2d 284, 48 A.L.R.2d 256. As such it is entitled to great weight and should be adhered to unless the reasons of the prior decisions have ceased to exist or the prior decision was clearly erroneous or manifestly wrong. The doctrine of stare decisis is flexible and able to meet changing circumstances. As we stated in O'Neil v. Martin, 66 Ariz. 78, 182 P.2d 939, 943:

" * * * the doctrine of stare decisis is but a doctrine of persuasion and not an iron chain of necessary conclusion."

This doctrine has been well stated thusly:

"A deliberate or solemn decision of a court or judge, made after argument on a question of law fairly arising in a case, and necessary to its determination, is an authority, or binding precedent, in the same court or in other courts of equal or lower rank, in subsequent cases, where 'the very point' is again in controversy; but the degree of authority belonging to such a precedent depends, of necessity, on its agreement with the spirit of the times or the judgment of subsequent tribunals upon its correctness as a statement of the existing or actual law, and the compulsion or exigency of the doctrine is, in the last analysis, moral and intellectual rather than arbitrary or inflexible." Chamberlain, 19, 8 N.Y.

Bar Rep. 69; von Moschzisher, Stare Decisis in Courts of Last Resort, 37 Harv.L.Rev. 409.

 It is not disputed that the intervenor and the Board of Supervisors acted in reliance upon our interpretation of A.R.S. Title 16, chapter 6, in the Cavender case in placing the name of intervenor on the general election ballot. Neither is it disputed that the very point involved in the Cavender case is again in controversy in this case. However, we are asked by the appellant to overrule our prior holding and to take away from the intervenor the rights given him under the Cavender case and the office to which the people of Pinal County have placed him for the sole reason that it is bad law. We find no manifest error in the Cavender case to warrant its reversal. There is no need to repeat the reasoning and authorities contained in the opinion of that case. The case here under consideration is so similar that the doctrine of stare decisis compels us to follow our previous decision.

The fact that the construction of the statute in question rests on a single case does not render it any less the duty of this court to utilize the doctrine of stare decisis, and neither does the fact that the prior case was by a divided court. The primary duty of this court is to interpret the laws of this state so that the people may know their rights. The people have a right to rely upon our decisions in conducting their affairs and we are hesitant to take away the rights obtained through such reliance unless we find manifest error in our prior holding or that more harm than good would come by adhering to it. The stability of the law is a prime aim of this court and consistency of judicial approach is essential to this end.

Judgment affirmed.

STRUCKMEYER, C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concur.