Francis J. Donovan, J.
Defendants, a corporation and its president, are charged in two informations with the violation of section 65 of the Alcoholic Beverage Control Law. At the opening of the trial both defendants moved to dismiss the *89 charges on the District Attorney’s opening address to the jury.
The facts — conceded for the purposes of this motion — are as follows: A 17-year-old girl was served alcoholic beverages in a bar or tavern operated by the licensee corporate defendant. The defendant, its president, was observed by the complainant police officer walking about in the premises during the same period of time that the young lady was on the premises. However, he did not serve, mix, or otherwise directly or immediately participate in serving the beverage. On entering the premises the girl was required to and did exhibit documentary evidence showing that she was over the age of 18 years. However, the document had been altered to falsify her age.
This motion brings up the hard question of what is required of a tavern operator in regard to avoiding the sale or service of alcoholic beverages to minors.
Eesearch has failed to reveal any authority mitigating or abrogating the rule established in People v. Werner (174 N. Y. 132) namely, that the service or sale of an alcoholic beverage to a minor is malum prohibitum, and is not to be excused by ignorance or mistake of facts. In short, the one who immediately participates in the act does so at his peril. The harshness of the rule in such cases is justified by the enormity of the public hazard involved. (People v. Kibler, 106 N. Y. 321.) The rule has been consistently applied in the Appellate Division notwithstanding the learned and vigorous dissent of Frank, J., in People v. Davin (1 A D 2d 811 [1st Dept.]).
The defendants in the case at bar did not participate directly or indirectly in the actual immediate service to the minor.
A distinction has been made between the case of the person immediately involved in the commission of the act and those more remotely concerned, whether by way of the doctrine of respondeat superior or supervisory responsibility. In People v. Griesebacker (6 A D 2d 679, 680) the court said: “ We believe there is a rule of reason to be applied. The language of the statute is designed to embrace conduct where parties participate directly or indirectly in actual immediate service to a minor under 18 years of age, or knowledgeably and voluntarily, singly or in combination, or under circumstances that should impart knowledge, act so as to permit the delivery of alcoholic beverage to such minor.”
People v. Griesebacker (supra) was followed in Matter of Beverly Lanes v. Rohan (12 A D 2d 156). In the latter case, the fact that the licensee had employed persons for the specific purpose of checking the age of patrons was considered evidence of good faith.
*90 In fact, the Legislature clearly contemplated that the operators of such establishments would rely upon documentary evidence of age. This policy is spelled out in section 484-d of the Penal Law and section 496 of the Penal Law.
The doctrine of respondeat superior is not applicable to charge criminal responsibility against the principal for the act of an employee under section 65 of the Alcoholic Beverage Control Law. (People v. Teetsel, 12 Misc 2d 835.)
Upon the facts set forth by the District Attorney in his opening, it appears that neither of the defendants was immediately or directly involved in the selling or the service of the alcoholic beverage to the minor, and it affirmatively appears that neither was negligent nor were the circumstances such that they should have imparted knowledge to either of the named defendants. Accordingly, the motion to dismiss as to both defendants is granted.
While the court has power to permit the District Attorney to amplify or reopen to the jury, such permission has not been requested, nor would it be granted in this case. There was extensive examination by the court into the facts which the District Attorney was prepared to present at the time the informations were laid. It is obvious from the arguments both formal and informal, and the prior proceedings, that the District Attorney has no material evidence other than that which he stated in his opening.