438 P.2d 411

**STATE of Arizona, Appellee,**

v.

**John L. ARMSTRONG, Appellant.**

No. 1546.

Supreme Court of Arizona.

In Banc.

March 6, 1968.

Darrell F. Smith, Atty. Gen., James S. Tegart, Asst. Atty. Gen., for appellee.

Chris T. Johnson, Phoenix, for appellant.

STRUCKMEYER, Justice.

This criminal appeal is from a conviction for the crime of robbery with a prior conviction. Since the matters raised have been repeatedly passed upon by this Court, they will be, in the main, disposed of summarily.

■ Appellant urges that he was not assigned counsel prior to his preliminary examination. As to this, we have held that unless there is a showing of prejudice, there is no error. State v. Smith, 99 Ariz.

106, 407 P.2d 74; State v. Mangrum, 98 Ariz. 279, 403 P.2d 925.

■ Appellant urges that the assistant county attorney committed prejudicial error in his argument to the jury. This claim arises out of the fact that appellant had a co-defendant who entered a plea of guilty and was given five years probation. Defense counsel told the jury:

"Now, if there was a robbery, like I say it was a partnership deal. Both partners should be punished. Where is the other man? This man who is standing trial, he is here * * *"

In reply, the assistant county attorney stated:

" * * * He pled guilty to the charge in this case. He was given five years probation * * *"

We do not countenance either party to a lawsuit alluding to matters which do not appear in evidence as part of the record, but we have held repeatedly that remarks invited by a defense attorney will not ordinarily be considered as reversible error. State v. Jackson, 100 Ariz. 91, 412 P.2d 36; State v. Gortarez, 98 Ariz. 160, 402 P.2d 992.

■ The appellant complains of the testimony of a police officer, viz.:

"He [the appellant] said, he admitted to me that he had committed this particular robbery and others."

Defense counsel did not object to the testimony at the time of the trial nor was it presented to the lower court on a motion for new trial. We have repeatedly held that matters which were not raised in the lower court will not be considered as grounds for reversal in this Court. State v. Taylor, 99 Ariz. 85, 407 P.2d 59, cert. denied 384 U.S. 979, 86 S.Ct. 1878, 16 L.Ed.2d 689; State v. Evans, 88 Ariz. 364, 356 P.2d 1106.

Notwithstanding, it is clear that this testimony constitutes either an admission or confession, Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, and as such is controlled by the decision in State v. Owen, 96 Ariz. 274, 394 P.2d 206. See also

State v. Goodyear, 100 Ariz. 244, 413 P.2d 566. The voluntariness must be resolved by the trial court outside the presence of the jury. The cause will be remanded for a determination of voluntariness in accordance with our decision in State v. Simoneau, 98 Ariz. 2, 401 P.2d 404.

Appellant was charged in the information with being convicted in the County of Maricopa, State of Arizona, on August 24, 1960, of the offense of "Drawing Check on No Account, a felony." At his arraignment, he denied the prior conviction, pleading not guilty to the charge. During the trial, appellant took the stand and testified in response to questions from his counsel:

"Q Mr. Armstrong, have you ever been convicted of a felony prior to this?

"A Yes.

"Q When?

"A 1958.

"Q Where?

"A Oregon; Salem, Oregon, and in 1960 here in Phoenix.

"Q What was your offense here in Phoenix?

"A It was a check charge. No account check.

"Q What was. the offense in Oregon?

"A It was a check.

"Q Check?

"A Yes, sir."

On cross-examination appellant enlarged somewhat on his testimony:

"Q What was the felony you were convicted of in Salem, Oregon, in 1958?

"A That was a check charge.

"Q Now, the one in 1960 in Arizona, that was for drawing checks on no account?

"A Right.

"Q And was under the name, John Armstrong?

"A Yes."

Thereafter, the court took the view that, having admitted the prior conviction from the witness stand, it was unnecessary to submit the matter to the jury and, consequently entered judgment that the appellant had been previously convicted of a felony.

By A.R.S. § 13–1649, there is increased punishment for a second conviction of a felony—in this instance, because the offense of robbery is punishable by imprisonment for a term exceeding five years, by imprisonment in the state prison for not less than ten years. By Rule 180, Rules of Criminal Procedure, 17 A.R.S., a defendant who is charged with a previous conviction is required to answer at his arraignment whether he has been so previously convicted. If he answers that he has, the answer is conclusive of the previous conviction in all subsequent proceedings. If he answers that he has not, the question whether he has shall be tried to the jury.

A little over a year ago we resolved the question now raised, stating that an admission on cross-examination is surely the strongest evidence available to prove a prior conviction. State v. Seymour, 101 Ariz. 498, 421 P.2d 517. And we cited to the overwhelming weight of authority holding that a prior conviction may be established by a defendant's own testimony. We did not cite the comparatively recent case of Beard v. State, 216 Md. 302, 140 A.2d 672 (1958), whose language we consider particularly appropriate, from which we quote at length:

"The binding effect of an admission by a stipulation in open court, such as we have here, is generally admitted, and such an admission dispenses with the need for producing evidence in usual form to prove the fact so admitted. * * * Wharton, op. cit., [2 Wharton, Criminal Evidence (12th Ed.)] § 645, applies the general rule specifically to admissions of prior convictions, saying: 'When the accused confesses the fact of the prior conviction, it is generally held that the state need not prove the fact, * * *.'

"Some courts have adopted the view that notwithstanding an admission by the accused of a prior conviction, there must still be a finding thereof by the jury. See State v. Cardwell, 332 Mo. 790, 60

S.W.2d 28 and Murmutt v. State, Tex.Cr. App., 63 S.W. 634. In the Cardwell case the penalty was to be fixed by the jury. Cases which follow this view make a distinction between a waiver of proof of a fact and a waiver of a finding by the jury of an admitted fact. Such a distinction would have force in a situation where the accused seasonably sought to withdraw the admission and controvert the fact admitted, but that is not the situation here.

"The Supreme Court of Iowa has held that the admission in open court of a prior conviction dispenses not only with other proof of such a conviction, but also with the necessity of a jury finding of such conviction. State v. Ganaway, 243 Iowa 1316, 55 N.W.2d 325; State v. Shepard, 247 Iowa 258, 73 N.W.2d 69. In the instant case the defendant made no effort to retract, repudiate or question his admission of his prior convictions. We agree with the views of the Supreme Court of Iowa in the Shepard case that it would be an unwarranted refinement of technicality which would serve no useful purpose, to hold that, in spite of the defendant's stipulation of record admitting two prior convictions, the jury must, nevertheless, pass upon them." 216 Md. at 311, 312, 140 A.2d at 677, 678.

Our attention has been directed to the case of State v. Furth, 5 Wash.2d 1, 104 P.2d 925. There, the defendant's request for trial by jury on a charge of being an habitual criminal was denied. The court, undertaking to determine the fact without a jury, found that defendant was an habitual criminal on evidence *which did not include admissions by defendant.* We agree with the Washington Court in its conclusion that the state constitution's provision guaranteeing the right of trial by jury was violated, but we do not think that is authority against the effect of the judicial admission in this case.

, Judgment affirmed except insofar as it relates to the voluntariness of appellant's confessions and as to that remanded to the superior court for appropriate action.

McFARLAND, C. J., and UDALL, V. C. J., and LOCKWOOD, J., concur.

BERNSTEIN, Justice (dissenting).

I dissent from the majority opinion because of the cavalier manner in which they dispose of the right to trial by jury in this case. The issue presented is whether the trial court properly withdrew from the jury's consideration the question of whether the appellant had suffered a prior felony conviction. Certainly the rule of stare decisis is entitled to great weight and should be adhered to unless the reason for the prior decisions have ceased to exist or the prior decisions are clearly erroneous and manifestly wrong. The doctrine is a flexible one. Stare decisis is indeed persuasive but it is not an iron chain always leading to a necessary conclusion. Stare Decisis in Courts of Last Resort, 37 Harv. L.Rev. 409; White v. Bateman, 89 Ariz. 110, 358 P.2d 712.

In the instant case the trial court was of the opinion that since the appellant had generally admitted a prior conviction (not necessarily a felony) while on the witness stand it was therefore unnecessary to submit this issue to the jury. Consequently, the court dismissed the jury and entered a judgment that appellant had been convicted of the prior felony charged in the information. In my opinion it was error for the trial court to take the question of the prior conviction away from the jury.

Aside from the appellant's own testimony in this case no other evidence of prior conviction was before the court and jury prior to the jury verdict.

The court passed judgment on the verdict of guilty of the crime of robbery and thereafter directed the jury to return on the following morning as "there is another issue to be submitted for their (sic) decision." The minutes of the court show:

"The Court states to the Jury that the Defendant has heretofore admitted the

prior conviction on the witness stand and the Court feels it is not necessary to submit the matter to the Jury for consideration.

"State's Exhibit #4 (Transcript—1 page) is marked for identification and admitted in evidence.

"State's Exhibit #5 (3 photographs, fingerprints and Judgment and Commitment and Certification) is marked for identification and admitted in evidence.

"The Court takes judicial notice of Cause #36463."

\* \* \* \* \* \*

"By reason of the proof submitted as to the prior conviction, IT IS THE JUDGMENT of the Court that the Defendant has been previously convicted of a Felony.

"ORDER excusing the Jury from further consideration of this cause."

The trial court's minutes on date of sentencing, June 11, 1964 recite "(Defendant convicted by jury of ROBBERY, a felony) *(Defendant convicted by Court of prior conviction)."* (Emphasis added.) The court under the authority of A.R.S. § 13–1649 [1] thereafter sentenced appellant for a period of not less than fifteen years nor more than twenty years.

It is true, as the majority states, that in State v. Seymour, 101 Ariz. 498, 421 P.2d 517, we attempted to resolve the question of whether it is necessary for the jury to make a determination of prior conviction where the defendant generally admits a conviction while on the witness stand. In Seymour, supra, this court concluded that Rules 180 and 291, Rules of Criminal Procedure, 17 A.R.S., must be read in pari materia. I agreed then and I do now with this statement. However, a review of the legislative history, analyzed below, will show that reading these two rules together leads to a result directly contrary to this court's holdings in Seymour, supra, and the instant case.

Rule 180, Rules of Criminal Procedure, 17 A.R.S. provides:

"Rule 180. Plea to allegation of prior conviction; effect of plea

*"When a defendant* who is charged in the indictment or information with a previous conviction *pleads either guilty or not guilty of the offense with which he is charged, he shall be asked whether he has been previously convicted.* If he answers that he has, his answer shall be entered by the clerk in the minutes of the court, and shall, unless withdrawn by consent of the court, be conclusive of the previous conviction in all subsequent proceedings. *If he answers that he has not, his answer shall be entered by the clerk in the minutes of the court, and the question whether or not he has been previously convicted shall be tried by the jury which tries the issue upon the plea of not guilty,* or in case of a plea of guilty, by the jury impaneled for that purpose. The refusal of the defendant to answer is equivalent to a denial that he has been previously convicted. If the defendant pleads not guilty and answers that he has been previously convicted, the charge of the previous conviction shall not be read to the jury, nor alluded to on the trial." (Emphasis added.)

In State v. Seymour, 101 Ariz. 498, 501, 421 P.2d 517, 520 we said:

"We are of the opinion that it would be an 'unwarranted refinement of technicality' to hold that in spite of defendant's own unequivocal admission [on cross examination] of a prior conviction for the same felony in the same state as

---

1. "13–1649. Increased punishment for subsequent conviction; prior conviction within state

"A. A person who, having been previously convicted for \* \* \* any offense punishable by imprisonment in the state prison, commits any crime after such conviction, shall be punished upon conviction of such subsequent offense as follows:

"1. If for an offense punishable for a first conviction by imprisonment for a term exceeding five years, by imprisonment in the state prison for not less than ten years."

charged in the information, for the jury nevertheless to be required to pass upon the question. This being so, *it must have been intended that Rule 180 be read with reference to Rule 291, Arizona Rules of Criminal Procedure, in certain circumstances.* [Emphasis added.] Rule 291 states:

'When a previous conviction of another offense is charged in the indictment or information, the jurors, if they find a verdict of guilty of the offense with which he is charged, shall also, *unless the defendant admits the prior conviction,* find whether or not he has been previously convicted. * * *' [Emphasis in original]

"We interpret the phrase 'unless the defendant admits the prior conviction' to cover those situations such as in the case at bar. Hence, we hold that the trial judge under the facts of this case need not have submitted the question of defendant's prior conviction to the jury and therefore, that the judge's direction of the verdict was correct."

A simple tracing of the legislative history of Rule 291 will show that like Rule 180 it finds its origin in the Penal Code of California. See West's Ann.Cal.Code, Penal, § 1158. The Arizona Penal Code of 1887 set out below dealt with prior conviction § 1714.[2] The language "unless the defendant admits the prior conviction" in Rule 291, read "unless *the answer of* the defendant admits the charge" in § 1714 P.C. 1887. (Emphasis added.) As was said in State v. Seymour, supra, the legislature in-

tended that the two sections be read in pari materia. The language "unless the answer of defendant" continues through all revisions of our codes from the Penal Code of 1887 until the 1939 Annotated Code. Rule 291 does not appear in the Arizona Code Annotated 1939, since it was deemed by the compiler to have been superceded by § 44-1913[3] which inferentially abolished special verdicts.

In promulgating Rule 291 apparently this court felt it would be read with reference to Rule 180 and thereby sought to simplify its language by removing the redundant language: " * * * the answer of * *". As a matter of statutory construction where a previously existing law is carried forward it will be presumed to be the same in legal effect as to its original form, even though the language is changed, unless it appears unmistakably that it was intended to change the meaning. State ex rel. Conway v. Glenn, 60 Ariz. 22, 131 P.2d 363; Peterson v. Central Arizona Light & Power Co., 56 Ariz. 231, 107 P.2d 205. Under this interpretation of Rule 291 and for the further reasons set out below State v. Seymour, supra, should be overruled.

"A frequent recurrence to fundamental principles is essential to the security of individual rights and the perpetuity of free government." Ariz.Const. Art. 2, § 1, A.R. S. One of the most sacred and fundamental principles of our system of law is the right to trial by jury; and it "shall remain inviolate." Ariz.Const. Art. 2, § 23. This court should see that it does so remain.

2. "1714. (Sec. 1714). Whenever the fact of a previous conviction of another offense is charged in an indictment, the jury, if they find a verdict of guilty of the offense with which he is charged, must also *unless the answer of* the defendant admits the charge find whether or not he has suffered such previous conviction. The verdict of the jury upon a charge of previous conviction may be: 'We find the charge of previous conviction true,' or, 'We find the charge of previous conviction not true,' as they find that the defendant has or has not suf-

fered such conviction." (Emphasis added.)

3. "44-1913. Verdict may be general or special.—The jurors shall in all cases render a general verdict, except as provided in section 337 [§ 44-1916]" . . . § 337 [44-1916] reads as follows: "44-1916. Acquittal because of insanity—Form of verdict.—If the jurors acquit the defendant on the ground that he was insane or mentally defective at the time of the alleged commission of the offense charged their verdict shall so state."

In Brown v. Greer, 16 Ariz. 215, 141 P. 841 we said that Art. 2, § 23, "does not give the right to a trial by jury, but its purpose is to guarantee the preservation of the right * * * as it existed when the Constitution was adopted." In Brown v. Greer, supra, we pointed out that the law in force when the Constitution was adopted contained paragraph 1389, R.S. Arizona 1901 which provided:

"In all cases, both at law and in equity, either party shall have the right to submit all issues of fact to a jury."

In granting a new trial "in order that such right may not be denied him" this court said:

" * * * The right to a trial by jury in any case is a most substantial right, and, where it has been given its observance should be rigidly enforced. Granting the power to enact it, there remains nothing to do but enforce it." 16 Ariz. at 221, 141 P. 843.

In like manner we today cannot ignore the fact that Rules 180 and 291 existed when the Constitution was adopted as § 887 and § 973 respectively in P.C.1901 and are therefore inviolately preserved and guaranteed under Art. 2, § 23.

Brown v. Greer, supra, has been the leading case on the provisions of this constitutionally guaranteed right, and has been consistently followed. Rothweiler v. Superior Court, 100 Ariz. 37, 410 P.2d 479, 16 A.L.R.3d 1362; State v. Cousins, 97 Ariz. 105, 397 P.2d 217.

In Rothweiler, supra, we expanded the right to trial by jury as interpreted by Brown v. Greer, to include some crimes not known to the common law, such as a charge of driving while under the influence of intoxicating liquor. In holding that a charge of this nature was triable by jury, this court said:

"The petitioner is subject upon conviction in the city court to either imprisonment, a fine and suspension of his right to drive for a period of time, or any combination of the three. The *se-*

*verity of the penalty* that may be imposed demands that he be afforded protection of fundamental guarantees of life and liberty as guaranteed by the Arizona Constitution." 100 Ariz. at 43, 44, 410 P.2d at 484. (Emphasis added.)

Surely here "the severity of the penalty" is much more harsh under A.R.S. § 13-1649, which provides increased punishment for prior conviction, and appellant's right to a trial by jury under a charge of prior conviction is a constitutionally protected inviolate right.

The Supreme Court of Washington faced with a similar problem said:

"It is unnecessary to cite authority in support of the statement that the word 'inviolate,' as used in the above-quoted constitutional provision, means freedom from substantial impairment. The question whether the legislature may provide for waiving of the jury in criminal cases is not before us. Neither are we confronted by the question whether a defendant in a criminal case may waive trial by jury. The word 'inviolate,' as employed in the above-quoted section, does not prohibit modification of the details of administration which does not affect enjoyment of the right of trial by jury, a right some times figuratively designated as 'the jewel of Anglo-Saxon jurisprudence.'

"Under the above-quoted section of our constitution the courts cannot trench on the province of the jury upon questions of fact. It is the function of the jury—not the court—to settle disputed issues of fact. The jury does not determine the guilt or innocence of the accused of the previous crimes charged. The issues of fact were whether there were previous convictions and whether appellant was the subject of those convictions. On a charge of a second or subsequent offense, the question of a prior conviction is an issue of fact to be determined by the jury." State v. Furth, 5 Wash.2d 1, 104 P.2d 925.

Fundamentally, a jury is the finder of facts; and "[j]udges shall not charge ju-

ries with respect to matters of fact nor comment thereon, but shall declare the law." Ariz.Const. Art. 6, § 12. When the defendant, Armstrong, at arraignment answered in denial as to the prior conviction, an issue of fact was created which *must* be tried as any other issue of fact by the jury. Rule 180, supra.

Rule 180 like 291 finds its origins in § 44–1004 C. '39, and its predecessors dating back through § 887 P.C. '01 to § 1556 P.C. 1887.[4] Its language, substantively unchanged, was adopted from California. See West's Ann.Pen.Code § 1025 (the California statute was originally passed in 1873–74).

When the early legislature adopted § 1556, now Rule 180 as to prior convictions, they required this to be a question for the jury because the fact determination goes to the very essence of a man's substantive rights—his liberty. At his arraignment an accused may waive jury, plead guilty and admit to prior convictions; in which case a jury is not necessary and the court may properly pass judgment and sentence upon the plea. But if the defendant does not waive trial by jury, pleads not guilty and denies prior conviction then the question of his guilt and prior conviction *must* be determined by the jury.

In this case the state introduced no evidence of prior conviction to the jury. The fact that defendant admitted from the witness stand, in answer to his own counsel's questions, that he had been convicted of other charges does not constitute a withdrawal of his answer in denial or an admission of the *specific*[5] prior conviction charged in the information, or the presumption of innocence that accompanies him throughout the trial. When the defendant answered in denial at arraignment the prior conviction charged in the information it was in effect a plea of not guilty.

In Pruitt v. State, 37 Ariz. 400, 294 P. 629 the defendant was charged with robbery. He entered a plea of not guilty. During the course of the trial defense counsel in a statement to the jury admitted guilt, and the court thereafter instructed the jury " * * * I shall, therefore, not submit to you for your consideration the question of his being not guilty * * *". In reversing and ordering a new trial we noted that this was an obvious peremptory instruction to the jury to find the defendant guilty, and we said:

"No matter how clear and convincing the evidence may be as to the guilt of a defendant, *no matter what admissions may be made by him or by his counsel during the process of trial, the trial judge cannot take from the jury the right of freely passing upon the guilt or innocence of the defendant so long*

---

4. "1556. (Sec. 1556). When a defendant, who is charged in the indictment or information with having suffered a previous conviction, pleads either guilty or not guilty of the offense with which he is charged, he must be asked whether he has suffered such previous conviction. If he answers that he has, his answers shall be entered by the clerk in the minutes of the court, and shall, unless withdrawn by consent of the court, be conclusive of the fact of his having suffered such previous conviction in all subsequent proceedings. If he answers that he has not, his answer shall be entered by the clerk in the minutes of the court, and the question whether or not he has suffered such previous conviction shall be tried by the jury which tries the issue upon the plea of 'not guilty,' or in case of a plea of 'guilty,' by a jury impaneled for that purpose. The refusal of the defendant to answer is equivalent to a denial that he has suffered such previous conviction. In case the defendant pleads 'not guilty,' and answers that he has suffered the previous conviction, the charge of the previous conviction shall not be read to the jury, nor alluded to on the trial."

5. The Information charged that appellant had been "on August 24, 1960, in the Superior Court of the State of Arizona, in and for the County of Maricopa, convicted of the offense of drawing check on No Account, a felony, Cause No. 36463, Section 13–1649, A.R.S. 1956." The State, however, never proved the specific offense charged in the Information.

*as the plea of not guilty stands.*" 37 Ariz. at 404, 294 P. at 630. (Emphasis added.)

The state has the burden of proving all the material elements in the charge including prior conviction, beyond a reasonable doubt, and the appellant is clothed with the presumption of innocence as to the material facts of prior conviction just as he is as to all other material facts of the charged crime. State v. Pennye, 102 Ariz. 207, 427 P.2d 525. See also State v. Miles, 3 Ariz.App. 377, 414 P.2d 765; People v. Casey, 399 Ill. 374, 77 N.E.2d 812, 11 A.L.R.2d 865.

The majority of this court relies heavily on the Maryland case of Beard v. State, 216 Md. 302, 140 A.2d 672, to support its position in reaffirming its decision in State v. Seymour, supra.

However, there are certain crucial differences between the Maryland case and the case at hand which must be noted. First, Maryland has no provisions at all similar to our Rules 180 and 291. Second, that portion of Beard v. State, supra, quoted by the majority has little weight, if at all, in light of the following language not quoted by the majority:

> "With the jury's attention thus focused on the prior offenses as well as the current offense * * * *it seems that the verdict of guilty on each of the counts submitted to them amounted to a finding of the prior convictions as well as a finding of guilt as to the present offense.*" 140 A.2d at 678. (Emphasis added.)

Consequently, it is obvious that the Maryland court disposed of the issue of prior conviction by a determination that the general verdict of guilty included within it *a finding by the jury* of a prior conviction.

I believe that State v. Seymour, supra, was incorrectly decided and therefore should be overruled. The sentence heretofore entered should be vacated for the reasons set forth above. The trial court should resentence the defendant on the robbery conviction alone in the event this case is affirmed after a hearing on the issue of voluntariness.