445 P.2d 449

**John VALLENTINE, II, Appellant,**

v.

**George AZAR and Norma Azar, husband and wife, The Cedars, Appellees.**

**No. 2 CA–CIV 489.**

Court of Appeals of Arizona.

Sept. 26, 1968.

Rehearing Denied Oct. 11, 1968.

**248**

Lillian S. Fisher, Tucson, for appellant.

Spaid, Fish, Briney & Duffield, by Richard C. Briney, Tucson, for appellees.

HATHAWAY, Chief Judge.

This is an appeal by John Vallentine II, one of the plaintiffs below, from a summary judgment in favor of the defendants below, George and Norma Azar. Appellant contends the cause should have been allowed to go to trial.

Vallentine, a college student not quite twenty-one years of age, decided to celebrate New Year's Eve, 1965, with a few drinks. He knew that the law forbade him to purchase or consume intoxicating beverages in this State but he had previously been successful in doing so in at least five bars in Tucson. In the late afternoon of December 31, 1965, Vallentine and some friends decided to go to the defendants' bar, "The Cedars," where he knew he could purchase alcoholic beverages without proof of age.

In his deposition, taken by the defendants, Vallentine stated that he drank "probably about eight to ten" beers during the hour or so that he spent shooting pool at "The Cedars." He then left with his friends to pick up their dates for the evening, taking along a "fifth" of hard liquor and "a couple of six-packs" of beer which Vallentine purchased personally from defendant George Azar. He testified that he was still "pretty much sober" when they left.

They were drinking heavily as they drove around that night. Sometime after the New Year arrived, they stopped at the Tucson Inn. By this time, Vallentine was admittedly quite drunk. He climbed up "a pole or something like that" to the roof of the Inn, at least three stories high, and tried to jump off into the swimming pool, for "no purpose at all." He landed in the pool but suffered thirty to thirty-two fractures of the bones in his feet.

Vallentine was in the hospital until March 27, 1966. After his release, he and his father joined in this action. The amended complaint sounds in both negligence and intentional tort, alleging that the Azars knew that Vallentine was a minor; that "The Cedars" was maintained by them in such a way as to be attractive to minors, alluding to the presence of pool tables and the reputation for serving young people without asking for proof of age; that George Azar personally sold hard liquor to Vallentine in violation of the law of this State and in "wanton and willful disregard of the welfare and health and morals" of Vallentine and others, corrupting and impairing Vallentine's judgment and morals and thereby causing his injuries. Compensatory and punitive damages were prayed for.

The defendants moved for dismissal on the ground that the complaint did not state a claim upon which relief could be granted, Rule 12(b) (6), Rules of Civil Procedure, 16 A.R.S. That motion was denied. After both parties had served written interrogatories and the defendants had taken Vallentine's deposition, the trial court granted the defendants' motion for summary judgment. Young Vallentine appeals from that judgment, the father having chosen not to do so.

The plaintiff contends that there were issues of fact before the trial court which should have precluded the court from granting summary judgment, namely: (1) Whether the defendant knew that the plaintiff was intoxicated (at the time the drinks were sold), (2) Whether the defendant knew the plaintiff was a minor, (3) Whether plaintiff's judgment and morals were corrupted and impaired by the defendants' conduct, and (4) Whether the defendants' breach of duty and violation of statute proximately caused the injuries sustained by the plaintiff.

Plaintiff contends that there was also a question of common law liability for intentional tort because of the sale to a minor and/or intoxicated person and another question of liability because of the violation of statutes (A.R.S. §§ 4–241, 4–244(9) (14)) which were specifically designed to protect this plaintiff. He also contends that

it was error to remove the question of proximate cause from the jury. Finally, he says that if the foregoing is not the law of this jurisdiction that this court should overrule prior decisions.

Some fact issues which plaintiff contends were unanswered by the pleadings and discovery were answered adversely to him from his own mouth. He claimed, in his deposition, that he was "still pretty much sober" when he left "The Cedars," and that he was "half looped" around midnight when they stopped at a private party. He asserted in his deposition that purchasing and consuming the alcoholic beverages was a totally voluntary act and that he did it because "it was camp, so to speak," to drink while under age. He denied any additional effects from the consumption of alcohol that night. The other issues are answered by an examination of the relevant cases in this jurisdiction.

We know of only two cases in point in this jurisdiction: Pratt v. Daly, 55 Ariz. 535, 104 P.2d 147, 130 A.L.R. 341 (1940) and Collier v. Stamatis, 63 Ariz. 285, 162 P.2d 125 (1945). The *Pratt* case dealt with the sale of alcoholic beverages to an "habitual drunkard." (The wife was suing for loss of consortium.) Our Supreme Court held that such an action did lie and the judgment of the trial court, awarding both compensatory and punitive damages to Mrs. Daly, was affirmed. *Collier* involved a similar suit, for loss of services, by the mother of a fifteen-year-old girl, alleging that the defendant sold alcoholic beverages to the girl, knowing her to be a minor, causing her drunkenness, arrest, and adjudication as a delinquent child. (There is a companion case, Mickey v. Stamatis, 63 Ariz. 293, 162 P.2d 128 (1945), summarily dismissing the daughter's appeal on the basis of *Collier*.)

Our Supreme Court affirmed the order of the trial court dismissing Mrs. Collier's complaint on the ground that it failed to state a claim upon which relief could be granted. The court's rationale was that the proximate cause of the confinement of the daughter was the drinking of the alcoholic beverages rather than the sale thereof; reasoning that the child, at age fifteen, was capable of committing a crime under the laws of this State and therefore capable of voluntary action. The court further reasoned that the statute prohibiting sale of alcoholic beverages was for regulatory purposes and was not intended to "enlarge civil remedies," as a civil damages or "Dram Shop" act.

The court did, however, leave open the question where the child involved is "so young as not to have a discretion or a will to refuse the drink, thus bringing the case within the rule of Pratt v. Daly [supra,] or when by corrupt temptation held before him his will is broken down and the act of drinking becomes merged into the act of selling or giving the drink." 63 Ariz. at 291, 162 P.2d at 127. Although the pleadings in this case attempt to meet this language, alleging "corrupt temptation" and the breaking down of the will of the plaintiff, it is clear from his deposition that no such pressure was placed upon him by the defendants in this case. It is, therefore, impossible to distinguish the instant case from that of Collier v. Stamatis, supra.

Plaintiff points out that other jurisdictions have allowed recovery by a minor as the result of injury sustained after illegal purchase of alcoholic beverages. Rappaport v. Nichols, 31 N.J. 188, 156 A.2d 1, 75 A.L.R.2d 821 (1959); Elder v. Fisher, 217 N.E.2d 847 (Ind.1966) (recovery by third party); Davis v. Shiappacossee, 155 So.2d 365 (Fla.1963); People v. Gar Bob, 49 Misc.2d 88, 266 N.Y.S.2d 771 (1966). Citing City of Glendale v. White, 67 Ariz. 231, 194 P.2d 435 (1948); and, White v. Bateman, 89 Ariz. 110, 358 P.2d 712 (1961), the plaintiff asks this court to overrule Collier v. Stamatis, supra, if we find it impossible to distinguish it. While we may agree with the plaintiff's contention that there should be some remedy, other than the threat of loss of license or criminal prosecution, against a liquor licensee who wantonly sells to minors, we feel that it is for our Supreme Court or the legislature to change

the present law. This court has no authority to overrule a higher court. McKay v. Industrial Commission, 103 Ariz. 191, 438 P.2d 757 (1968).

Perhaps this appeal might have best been filed directly with the Supreme Court in view of appellant's request. Arizona Podiatry Ass'n v. Director of Insurance, 101 Ariz. 544, 422 P.2d 108 (1966).

Affirmed.

MOLLOY and KRUCKER, JJ., concur.