552 P.2d 220

**STATE of Arizona, Appellee,**

v.

**Carol L. HANCOCK, Appellant.**

**No. I CA–CR 1604.**

Court of Appeals of Arizona,

Division 1,
Department A.

July 1, 1976.

————◆————

Bruce E. Babbitt, Arizona Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div. and Galen H. Wilkes, Asst. Atty. Gen., Phoenix, for appellee.

Martin, Feldhacker & Friedl, by William H. Feldhacker, Phoenix, for appellant.

OPINION

NELSON, Judge.

Pursuant to a plea agreement, Carol L. Hancock (Hancock), pled guilty to one count of burglary and one count of grand theft. At the time of sentencing, the trial court sentenced her as follows:

"No legal cause appearing to the court, and by reason of your plea of guilty, it is the judgment of this court that you are guilty of the crime Count One, Burglary, a felony, and Count Two, Grand Theft, a felony.

"As punishment for this crime it is ordered that you be sentenced to the Arizona State Prison for a term of not less than seven years nor more than ten years. The sentence shall begin as of the date of your present incarceration."

On appeal, Hancock contends that the sentence did not specifically designate the sentence for each offense and was therefore ambiguous and invalid. She also contends that the sentence was excessive. Because we agree with her first contention and remand this cause for resentencing, we do not reach the second issue.

As to the first issue, the maximum sentence that Hancock could have received for the burglary conviction was 5 years. A.R.S. § 13–302.[1] The maximum that she could have received for the grand theft count was 10 years. A.R.S. § 13–671. Thus the sentence imposed exceeds the maximum permitted for the burglary count, but is within the permissible range for the grand theft count.

The State argues that the sentence was imposed only for the grand theft conviction and no sentence was imposed for the burglary conviction. However, we are unable to interpret the trial court's actions

1. The State concedes that Hancock pled guilty to second degree burglary.

in this manner. First, it is clear that the trial court was aware that Hancock had pled guilty to two separate counts. There is simply no rational explanation for the trial court to overlook sentencing her for one of these counts. Second, it appears to us that the trial court's reference to "this crime" refers to the entire episode which led to both the burglary and the grand theft counts. We do not think that it can fairly be interpreted to refer simply to the grand theft offense. Finally, the signed minute order imposing the sentence does not differentiate between the counts and imposes the 7 to 10 year sentence for both counts. Consequently, it is unclear whether the burglary count is to run concurrently with the grand theft count or whether the 7 to 10 year sentence is the result of consecutive sentences being imposed for the grand theft and burglary. The trial court, in effect, imposed a general sentence for both counts and did not specifically designate how the sentence was to be apportioned.

There is little dispute that a sentence must be certain and definite in order to be valid. *State v. Owen,* 2 Ariz.App. 580, 410 P.2d 698 (1966); *State v. Robinson,* 6 Ariz. App. 419, 433 P.2d 70 (1967). There is no doubt that this sentence is ambiguous. The question is whether it is sufficiently ambiguous to justify a remand for resentencing.

There is a split in authority regarding the validity of a single sentence for several counts of the indictment. This single sentence is referred to as a "general sentence". See Annot. 91 ALR2d 511 (1963).

The majority rule is that such a general sentence is permissible. *Ray v. United States,* 372 F.2d 80 (9th Cir. 1967); *Johnson v. United States,* 276 F.2d 84 (4th Cir. 1960); *Vandegrift v. State,* 226 Md. 38, 171 A.2d 713 (1961); Annot. 91 ALR2d 511 (1963); 24 C.J.S. Criminal Law § 1597(4). The majority concludes that the practical consequences to the defendants are precisely the same no matter how the court chose to apportion the sentence. The ma-

jority view is that there is no practical reason to remand such cases for resentencing.

However, even the cases upholding such sentences criticize the procedure and concede that it is a better practice for the court to specify the sentence for each individual count. *Ray,* supra, (the loose practice of imposing a general sentence is definitely to be discouraged); *Johnson,* supra, (we are persuaded that by far the better practice is for the trial court in its sentence expressly to apply the punishment it awards to the separate counts upon which prisoners have been convicted . . .)

The rationale behind the minority view is clearly set forth in *Benson v. United States,* 332 F.2d 288 (5th Cir. 1964). After concluding that the other federal circuit courts had adopted a view that general sentencing was permissible, the court reasoned as follows:

"The question is now before us whether a different conclusion should be reached. In doing so we do not repudiate what has been decided previously. We start with the universal recognition that the practice, while permissible, is unsatisfactory. What this case presents is an indication that this unwise, unsatisfactory practice is becoming so frequent that this presents a new factor calling for reexamination which likewise frees the Court from any notion that decision of the present problem has been foreclosed.

"There is first the basic idea that a criminal sentence should be plain, unequivocal, and so free from doubt that those concerned—accused, sentencing Court, reviewing Court, and prison authorities—will know precisely what the punishment is. One thing sure about the so-called 'general sentence' for a total term greater than the maximum of one count but less than the aggregate of all maximums is that no one—accused, reviewing Court, prison authorities, or sentencing Court—knows what the real sentence is. A sentence is passed not be-

cause the defendant is a social outcast or needs chastisement generally. It is the law's punishment for specific transgressions of its formalized standards. It seems to us that everything points to the importance of an articulate, identifiable sentence being imposed. If that is what the law reasonably requires and prefers, then a sentence varying from that standard is, in the words of F.R.Crim.P. 35, 'illegal.'

"Consideration of a few situations demonstrates the wisdom of our course. The 'general sentence' creates unnecessary and sometimes troublesome difficulties for Courts both in direct appeals and collateral proceedings. It does the same for prison authorities in handling offenders." 332 F.2d at 290–291.

The court also reasoned that a general sentence foreclosed the use of the concurrent sentence doctrine [2], and thus required unnecessary effort by the courts with regard to both direct appeals and post conviction motions.

The court concluded:

"All recognize that one of the most important functions to be performed by criminal law and its integral component, the prison system, is rehabilitation of the offender. Viewed in this context, the general sentence is undesirable because it does not clearly indicate to the offender what sentence has been imposed for what conviction. We can appreciate fully the likelihood that those experienced in this field have found that a clear understanding by the prisoner of the sentence imposed for the particular offense involved is most helpful in the rehabilitation process.

"Although we have never before undertaken to articulate the reasons, we have said in our prior decisions that the 'general sentence' is not desirable. (Citations

omitted). Our brief treatment shows why it is undesirable. By imposing unnecessary burdens on Courts and the Judges who man them, it interferes with the orderly administration of justice in both direct and collateral review proceedings. Moreover, the inscrutable mystery undoubtedly impedes the prison authorities in the performance of one of their primary tasks, rehabilitation of the offender. We may properly take such factors into account.

"If—and there is no real if, big or little—the general sentence is undesirable practice—bad practice—we should not, we ought not, continue to approve it. Consequently, we vacate the sentence and remand the case to the District Judge for correct resentencing in which the defendant will know precisely the penalty assessed as to each and every count and the order in which the sentences thereby imposed are to be served." (Footnotes deleted) 332 F.2d at 292.

The *Benson* rationale has been adopted by the Federal Circuit Court for the District of Columbia and the Florida state courts. *United States v. Straite*, 138 U.S. App.D.C. 163, 425 F.2d 594 (1970); *Darden v. State*, 306 So.2d 581 (Fla.App.1975). See also: ABA Standards Relating to Sentencing Alternatives and Procedures (Approved Draft, 1968), § 5.6(iv), ("When sentence is imposed the court . . . should state with care the precise terms of the sentence which is imposed.")

We are aware that in *Benson* the sentence exceeded the maximum that could be imposed for each of the counts charged, while in this case the sentence was within the permissible range of one of the counts. However, this distinction does not solve the problems raised by *Benson,* and both *Straite* and *Darden* involve facts similar to the current case. Accordingly, we do not think this distinction is meaningful.

---

2. This doctrine permits an appellate court to limit its review of issues raised on appeal to a single count when the sentence for that count runs concurrently with a count which can be affirmed.

Further, unlike the case where the sentence imposed is within the maximum for all counts, we cannot interpret the trial court's action as imposing concurrent sentences. *State v. Berryman*, 106 Ariz. 290, 475 P.2d 472 (1970); *State v. Veres*, 7 Ariz. App. 117, 436 P.2d 629 (1968), cert. denied, 393 U.S. 1014[3], 89 S.Ct. 613, 21 L.Ed.2d 559. In fact, the State concedes that this Court must exercise its discretion and impose a sentence for burglary or remand the case to the trial court for an imposition of sentence on the burglary charge. Because there is no way to discern what the trial court intended by sentence, we feel that we must remand both counts for resentencing.

In deciding this case, we express no view on the validity of the extent of the "concurrent sentence doctrine", (*Benson*, supra, Note 2) in Arizona. See *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Because this case does not involve this issue and because neither side has briefed it, our opinion should not be construed as any comment on the rule. We note that the federal courts have relied upon it in certain cases, and therefore a specific sentence on each count could be of use in a federal court proceeding. See *United States v. Neff*, 525 F.2d 361 (8th Cir. 1975); *United States v. Andrino*, 497 F.2d 1103 (9th Cir. 1974), cert. denied, 419 U.S. 1048, 96 S.Ct. 621, 42 L.Ed.2d 642. In any event, apart from the concurrent sentence rationale, we feel the rule is justified because a general sentence does not tell the defendant or the prison officials what sentence has been imposed for what conviction. This is not only helpful in the rehabilitative process, but could also have an effect on the prisoner's determination of whether to seek post conviction relief.

In conclusion, every authority agrees that a general sentence is bad. In order to cure any future problems, we feel the logical approach is to specifically disapprove it and remand this case for resentencing.

The sentence heretofore entered in this cause is vacated and the case is remanded for resentencing.

DONOFRIO, P. J., and OGG, J., concurring.

3. We also note that in *State v. Veres*, supra, this Court specifically recommended that where a defendant is being sentenced in relation to more than one count, the sentence with respect to each count be separately stated. The Supreme Court specifically agreed with this recommendation in *State v. Berryman*, supra.