976 P.2d 267

**STATE of Arizona, Appellee,**

v.

**Humberto QUINONEZ, Appellant.**

**No. 1CA–CR98–0200.**

Court of Appeals of Arizona,
Division 1, Department E.

Feb. 25, 1999.

Janet A. Napolitano, Arizona Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Toni Marie Valadez, Assistant Attorney General, Phoenix for Appellee.

Neal W. Bassett, Phoenix, for Appellant.

## OPINION

NOYES, Judge.

¶1 Humberto Quinonez ("Defendant") appeals from convictions and sentences for manslaughter, a class 2 felony, and aggravated assault, a class 3 felony, in violation of Arizona Revised Statutes Annotated ("A.R.S.") sections 13–1103 and 13–1204(A)(1) (Supp.1998). The jury found that the offenses were dangerous and the trial court found that they were repetitive. In answer to the main question presented, we hold that A.R.S. section 13–604(P) (Supp. 1998) is constitutional. This statute provides that an allegation of historical prior felony conviction is decided by the court.

### I.

¶2 The charges arose from an automobile collision in which the intoxicated Defendant killed one person and seriously injured another. Defendant was found guilty and was sentenced to consecutive, aggravated prison terms of twelve and eight years. We have jurisdiction of his appeal pursuant to Arizona Constitution article 6, section 9, and A.R.S. sections 12–120.21(A)(1) (1992), 13–4031 (1989), and 13–4033(A)(1) (Supp.1998).

### A. Trial on Prior Conviction

¶3 The State alleged that Defendant had a "historical prior felony conviction" as defined by A.R.S. section 13–604(U) (Supp.1998). If proven, this allegation would enhance the sentencing ranges of the current offenses. See A.R.S. § 13–604(Q); State v. Buchholz, 139 Ariz. 303, 307, 678 P.2d 488, 492 (App.1983). Defendant requested a jury trial on this allegation. The trial court denied the request and decided the issue itself, as directed by A.R.S. section 13–604(P), which was amended in 1996 to read, in pertinent part, as follows:

The penalties prescribed by this section shall be substituted for the penalties otherwise authorized by law if the previous conviction ... is charged in the indictment ... and admitted or *found by the court* or if the dangerous nature of the felony is charged in the indictment ... and admitted or found by the trier of fact.

A.R.S. § 13–604(P) (Supp.1998) (emphasis added).

¶4 Defendant argues that this statute violates his constitutional right to a jury trial under the Sixth Amendment of the United States Constitution and article 2, section 24 of the Arizona Constitution. See State v. Hurley, 154 Ariz. 124, 131–32, 741 P.2d 257, 264–65 (1987). Defendant does have tradition on his side here.

¶5 From at least 1887 until the 1996 amendment to section 13–604(P), Arizona granted criminal defendants the right to a jury trial on an allegation of prior conviction. See State v. Armstrong, 103 Ariz. 174, 179–81, 438 P.2d 411, 416–18 (1968) (Bernstein, J., dissenting). For example, section 1714 of the Arizona Penal Code of 1887 provided, in part, as follows:

Whenever the fact of a previous conviction of another offense is charged in an indictment, *the jury,* if they find a verdict of guilty of the offense with which he is charged, must also unless the answer of the defendant admits the charge find whether or not he has suffered such previous conviction.

(Emphasis added.)

¶6 The *Armstrong* majority agreed with the conclusion in State v. Furth, 5 Wash.2d 1, 104 P.2d 925 (1940), that "the state constitution's provision guaranteeing the right of trial by jury was violated" where the judge refused the defendant's request for a jury on the allegation of prior conviction. 103 Ariz. at 177, 438 P.2d at 414. This reference to the constitution supports Defendant's argument, but it is *dictum,* for *Armstrong* affirmed on grounds that defendant admitted the prior conviction during his cross-examination. Id. at 175, 438 P.2d at 412. Recent cases are more authoritative than *Armstrong* on this issue, and they dispel any notion that

a constitutional right to jury trial exists on an allegation of historical prior felony conviction.

¶ 7   In *State ex rel. Neely v. Sherrill*, 168 Ariz. 469, 815 P.2d 396 (1991), the court stated, "We note that use of a jury to determine a prior conviction is not *constitutionally* mandated, but is required only by statute in Arizona." *Id.* at 472 n. 2, 815 P.2d at 399 n. 2 (emphasis in original). In *Hurley*, the court stated that its research "did not reveal any constitutional basis for this requirement in Arizona." 154 Ariz. at 127, 741 P.2d at 260.

¶ 8   One widely cited federal decision squarely holds that a defendant has no right to jury trial on a sentence-enhancing allegation of prior conviction. *See United States v. Kinsey*, 843 F.2d 383, 391–92 (9th Cir.1988). *Kinsey* distinguishes between enhancement statutes and substantive crimes and concludes that enhancements "do not create criminal charges which necessarily guarantee a person his or her right to a jury trial." *Id.*

¶ 9   *Hurley* took the same analytical approach as *Kinsey:* it decided that the question was whether the legislature "created a separate offense in which release status is not merely a sentencing factor but is a constituent element of the crime." *Hurley*, 154 Ariz. at 129, 741 P.2d at 262. The court concluded that the allegation of release status was a sentencing factor, and it reaffirmed prior cases holding that an allegation of release status may be decided by the court. *See id.* at 130, 741 P.2d at 263. We reach the same conclusion regarding an allegation of historical prior conviction. Because that allegation is a sentencing factor, the constitutional right of jury trial does not apply to it.

¶ 10   We distinguish the cases relied on by Defendant, namely, *State v. Barnes*, 167 Ariz. 186, 805 P.2d 1007 (1991), *State v. Gilbert*, 119 Ariz. 384, 581 P.2d 229 (1978), and *State v. Brydges*, 134 Ariz. 59, 653 P.2d 707 (App.1982). Because those cases were decided when section 13–604(P) granted the right to jury trial on an allegation of prior felony conviction, those cases say nothing about whether the current statute is constitutional.

¶ 11   Defendant also argues that section 13–604(P) is a procedural directive that conflicts with Rule 19.1(b), usurps the supreme court's exclusive rule-making authority and, consequently, violates the separation of powers doctrine. We disagree. Rule 19.1 does not specify whether the court or the trier of fact decides the allegation of prior conviction; it merely provides that, "[i]f the verdict is guilty, the issue of the prior conviction shall then be tried, unless the defendant has admitted the prior conviction." Ariz. R.Crim. P. 19.1(b)(2). Accordingly, the legislature did not "veto" Rule 19.1, as Defendant claims, and we need not consider whether section 13–604(P) is purely procedural.

¶ 12   We hold that the current version of section 13–604(P) is constitutional. Although, prior to 1996, the Arizona legislature traditionally granted criminal defendants the right to a jury trial on an allegation of historical prior felony conviction, that right is not guaranteed by the constitution, and its revocation does not offend the constitution. *See Oregon v. Hass*, 420 U.S. 714, 719, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975) (noting that states are free to give greater individual protection than the federal Constitution requires).

### B.  Sentencing

¶ 13   The State alleged and proved that the current offenses were both dangerous and repetitive. These two allegations were independent; they had no compounding effect on the sentence. The sentencing range of these *dangerous* offenses is not enhanced with a *non-dangerous* historical prior felony conviction. *See* A.R.S. § 13–604(J) (enhancing dangerous class 2 or 3 felony offense with certain dangerous prior felony convictions); *State v. Laughter*, 128 Ariz. 264, 269, 625 P.2d 327, 332 (App.1980).

¶ 14   The sentencing range provided by section 13–604(B) on a finding of one historical prior felony conviction is as follows:

|  | Minimum | Presumptive | Maximum |
|---|---|---|---|
| Class 2 felony: | 6 yrs. | 9.25 yrs. | 18.5 yrs. |
| Class 3 felony: | 4.5 yrs. | 6.5 yrs. | 13 yrs. |

The more severe sentencing range provided by section 13–604(I) on a finding of dangerous is as follows:

| | Minimum | Presumptive | Maximum |
|---|---|---|---|
| Class 2 felony: | 7 yrs. | 10.5 yrs. | 21 yrs. |
| Class 3 felony: | 5 yrs. | 7.5 yrs. | 15 yrs. |

¶ 15   Because the trial court did not specify which sentencing range applied, Defendant argues that he received an illegal "general" sentence, citing *State v. Hancock*, 27 Ariz.App. 164, 552 P.2d 220 (1976). We agree that the trial court should have specified which sentencing range it applied, but we do not agree that the resulting sentence was illegal. For one thing, the record reflects that the parties recognized that the applicable range was the more severe one, the one provided for dangerous offenses. The presentence report gave a sentencing range that corresponded with the one for dangerous offenses, and it stated that this range had been determined "according to information provided by the County Attorney." At sentencing, Defendant's counsel referred to the dangerous offender sentencing range by stating "the maximum for manslaughter would be 21 years." In other words, it is fair to conclude from this record that the parties and the trial court were operating on the (correct) premise that the applicable sentencing range was the more severe one, the one for dangerous offenses.

¶ 16   It would make no sense to hold that the applicable sentencing range was the less severe one for repeat offenders. To hold that the lesser range applied here would mean that a dangerous offender with *one* prior conviction would be exposed to a *less* severe sentencing range than a dangerous offender with *no* prior convictions. We reject that sort of interpretation of the criminal code for the same reasons it was rejected by *Laughter*, 128 Ariz. at 269, 625 P.2d at 332. We hold that the only sentencing range that applied in this case was the one that the parties thought did apply—the more severe one, the one for dangerous offenses. *See State v. Knorr*, 186 Ariz. 300, 305–06, 921 P.2d 703, 708–09 (App.1996) (affirming use of repeat offender range that was more severe than the dangerous offender range); *see also State v. Sammons*, 156 Ariz. 51, 55, 749 P.2d 1372, 1376 (1988) (holding that when defendant could receive more time as a repeat offender than as a dangerous offender, the finding of dangerous was "mere surplusage").

## II.

¶ 17   The convictions and sentences are affirmed.

NOEL FIDEL, Presiding Judge, and
SHELDON H. WEISBERG, Judge, concur.