115 P.3d 1264

**Anthony Paul NEWKIRK, Petitioner,**

v.

**The Honorable Richard NOTHWEHR, Commissioner of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**The State of Arizona, Real Party in Interest.**

**No. 1 CA–SA 05–0061.**

Court of Appeals of Arizona, Division 1, Department E.

June 23, 2005.

Andrew Thomas, Maricopa County Attorney by Diane Gunnels Rowley, Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest.

Neal W. Bassett, Laurie Herman, Phoenix, Attorneys for Petitioner.

## OPINION

THOMPSON, Judge.

¶1 Anthony Paul Newkirk (petitioner) challenges the denial of his request to allow a jury to find a prior conviction. Petitioner contends that *Derendal v. Griffith,* 209 Ariz. 416, 104 P.3d 147 (2005), resurrected the right to a jury trial on allegations of prior convictions. For the following reasons, we accept jurisdiction and deny relief.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Petitioner was charged with driving under the influence. The state filed an allegation of a prior conviction. Petitioner requested a jury trial on the allegation of prior conviction. The trial court denied the request. Petitioner then filed this special action.

## JURISDICTION

¶3 The acceptance of jurisdiction in a special action is discretionary. *King v. Superior Court,* 138 Ariz. 147, 149, 673 P.2d 787, 789 (1983) (citations omitted). We may accept special action jurisdiction when there is no other means of obtaining justice, *id.* (citing *Nataros v. Superior Court of Maricopa County,* 113 Ariz. 498, 557 P.2d 1055 (1976)), or where the issue is one of statewide importance, *Citizens Clean Elections Comm'n v. Myers,* 196 Ariz. 516, 517, 1 P.3d 706, 707 (2000).

¶4 Petitioner relies on *Derendal* to support his request for special action relief. The Arizona Supreme Court decided *Derendal* in January 2005. The issue is one of first impression that may have an impact on other cases. In addition, special action jurisdiction is appropriate to determine if there is a right to a jury trial. *Campbell v. Superior Court,* 186 Ariz. 526, 527, 924 P.2d 1045, 1046 (App. 1996) (citing *Mungarro v. Riley,* 170 Ariz. 589, 590, 826 P.2d 1215, 1216 (App.1991)). We therefore accept jurisdiction.

## DISCUSSION

¶ 5 According to petitioner, defendants are entitled to jury trials on allegations of prior convictions. Arizona Revised Statutes (A.R.S.) § 13–604(P) (2004) provides that a prior conviction is to be found by the court. *See also* Ariz. R.Crim. P. 19.1(b)(2) (stating that trial court shall determine allegation or prior conviction). In *State v. Quinonez*, 194 Ariz. 18, 20, ¶ 12, 976 P.2d 267, 269 (App. 1999), we upheld the constitutionality of A.R.S. § 13–604(P) and clarified that prior conviction trials were no longer jury eligible.

¶ 6 In *Quinonez*, the defendant requested a jury trial on an allegation of a historical prior felony conviction, and the trial court denied the request under A.R.S. § 13–604(P). *Id.* at 19, ¶ 3, 976 P.2d at 268. The defendant argued that A.R.S. § 13–604(P) violated his constitutional right to a jury trial under the Sixth Amendment to the United States Constitution as well as Article 2, Section 24 of the Arizona Constitution. *Id.* at ¶ 4 (citation omitted). The court noted that the defendant had tradition on his side because, from at least 1887 to the 1996 amendment to A.R.S. § 13–604(P), Arizona granted a jury trial on an allegation of prior convictions to criminal defendants. *Id.* at ¶ 5 (citing *State v. Armstrong*, 103 Ariz. 174, 179–81, 438 P.2d 411, 416–18 (1968) (Bernstein, J., dissenting), *vacated on other grounds*, 103 Ariz. 280, 440 P.2d 307 (1968), and Arizona Penal Code of 1887, § 1714). The court noted that the majority in *Armstrong* agreed that the state constitutional provision guaranteeing the right to a jury trial was violated where a trial judge refused a defendant's request for a jury trial on an allegation of a prior conviction. *Id.* at ¶ 6 (citing *Armstrong*, 103 Ariz. at 177, 438 P.2d at 414). Although *Armstrong's* reference to the constitution seemed to support the defendant's argument, *Quinonez* noted that the reference is dictum because in *Armstrong* the defendant admitted the prior conviction. *Id.*

¶ 7 The *Quinonez* court noted that more recent cases dispelled any notion that a constitutional right to a jury trial exists on an allegation of a prior conviction. *Id.* at 19–20, ¶ 6, 976 P.2d at 268–69. For example, in *State ex rel. Neely v. Sherrill*, 168 Ariz. 469,

472 n. 2, 815 P.2d 396, 399 n. 2 (1991), the court stated that the use of a jury to determine a prior conviction is not constitutionally mandated but only required by statute in Arizona. *Quinonez*, 194 Ariz. at 20, ¶ 7, 976 P.2d at 269. In *State v. Hurley*, 154 Ariz. 124, 127, 741 P.2d 257, 260 (1987), the Arizona Supreme Court stated that its research did not reveal any constitutional basis for the requirement of a jury trial on prior convictions in Arizona. *Quinonez*, 194 Ariz. at 20, ¶ 7, 976 P.2d at 269. In addition, *Quinonez* noted that the Ninth Circuit "squarely holds that a defendant has no right to a jury trial on a sentence-enhancing allegation of prior conviction." *Id.* at ¶ 8 (citing *United States v. Kinsey*, 843 F.2d 383, 391–92 (9th Cir. 1988) (distinguishing between enhancement statutes and substantive crimes and concluding that enhancements do not create criminal charges that necessarily guarantee a right to a jury)).

¶ 8 After reviewing these cases, *Quinonez* determined that, because a sentencing allegation is not a "constituent element" of a crime, the constitutional right of a jury trial does not apply to it. *Id.* at ¶ 9. The court held that, "[a]lthough, prior to 1996, the Arizona legislature traditionally granted criminal defendants the right to a jury trial on an allegation of historical prior felony conviction, that right is not guaranteed by the constitution, and its revocation does not offend the constitution." *Id.* at ¶ 12 (citation omitted).

¶ 9 Petitioner argues that *Derendal* resurrects the right to have a jury find prior convictions. In *Derendal*, the defendant was charged with misdemeanor drag racing, and the trial court denied his request for a jury trial. 209 Ariz. at 417, ¶ 2, 104 P.3d at 148. The Arizona Supreme Court accepted review to determine when the Arizona Constitution mandates that a criminal offense be eligible for a jury trial. *Id.* at ¶ 4. The court formulated a two-part test to determine whether misdemeanor offenses were jury eligible. *Id.* at 425, ¶ 36, 104 P.3d at 156. The first inquiry is whether a statutory offense has a common-law antecedent that guaranteed a jury trial at the time of Arizona statehood. *Id.* If so, the inquiry ends, and the defendant has established a right to a jury trial. *Id.* If

not, the court must analyze the seriousness of the offense under Article 2, Section 24 of the Arizona Constitution. *Id.* at ¶ 37. Under *Derendal,* a finding that an act is of moral turpitude, as previously set forth in *Rothweiler v. Superior Court,* 100 Ariz. 37, 42, 410 P.2d 479, 483 (1966), and *State v. Harrison,* 164 Ariz. 316, 317, 792 P.2d 779, 780 (App.1990), is no longer enough to afford a jury trial for an offense. *Id.* at ¶¶ 36–37. Therefore, *Derendal* does not expand the right to trial by jury but rather restricts it by no longer requiring jury trials for offenses of moral turpitude.

¶ 10 Petitioner contends that the Arizona Constitution's provision that "the right to trial by jury shall remain inviolate" mandates that anything entitled to a jury trial at the time of statehood, such as an allegation of a prior conviction, still retains that right today. Petitioner argues that "[n]o matter what we call the issue that is on trial, if it was tried to a jury during territorial days, it is tried to a jury today." A prior conviction, however, is not a common-law offense but rather a sentencing enhancement. *See Apprendi v. New Jersey,* 530 U.S. 466, 485–87, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (quoting *McMillan v. Pennsylvania,* 477 U.S. 79, 87–88, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986)) (sentencing enhancement does not create a separate offense calling for a separate penalty). Petitioner's attempt to liken an allegation of a prior conviction to a common-law *offense* that retains the right to a jury trial under *Derendal*—because it enjoyed the right to jury trial before Arizona's statehood—fails.

¶ 11 According to petitioner, because *Quinonez* acknowledges that prior convictions were tried to juries from 1887 to 1996, 194 Ariz. at 19, ¶ 5, 976 P.2d at 268, and *Derendal* holds that a defendant is entitled to a jury if the crime was jury eligible at the time of statehood, 209 Ariz. at 425, ¶ 36, 104 P.3d at 156, defendants retain the right to a jury determination of prior convictions. *Derendal,* however, did not address sentencing enhancements or whether an allegation of prior conviction is jury eligible. Rather, it only directed trial courts in determining whether a misdemeanor *offense* is jury eligible. *Id.* at 425–26, ¶ 40, 104 P.3d at 156–57.

¶ 12 As *Quinonez* and the cases that court cites make clear, the right to a jury trial on an allegation of prior conviction was statutory under both the territorial penal code and Arizona Revised Statutes until 1996. Thus, an allegation of prior conviction has no *common-law* antecedent that would require a jury under *Derendal.*

¶ 13 In *Blakely v. Washington,* 542 U.S. 296, ——, 124 S.Ct. 2531, 2536, 159 L.Ed.2d 403 (2004) (citing *Apprendi,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435), the United States Supreme Court reaffirmed that "the fact of a prior conviction" need not be found by a jury to satisfy the United States Constitution. *Apprendi* notes that, when the sentencing enhancement is the fact of prior conviction, "the certainty that procedural safeguards attached to any 'fact' of prior conviction . . . mitigated the due process and Sixth Amendment concerns otherwise implicated in allowing a judge to determine a 'fact' increasing punishment beyond the maximum of the statutory range." 530 U.S. at 488, 120 S.Ct. 2348 (citing *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)).

¶ 14 Petitioner has not established the right to a jury trial on an allegation of a prior conviction, and the trial court did not err in denying his request for a jury trial on that basis.

## CONCLUSION

¶ 15 For the foregoing reasons, we accept special action jurisdiction and deny relief.

DONN KESSLER, Presiding Judge, and PATRICK IRVINE, Judge, concur.